IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

In Re: PROVEST REALTY SERVICES  )
  GRANTOR IRREVOCABLE TRUST, )
             )
     PETITIONER    )
             )
  v.           )
             )
CITY OF CHICAGO,     )
             )
    RESPONDENT   )
             )
             )

**14cv5326**
**Judge St. Eve**
**Magistrate Judge Finnegan**

Docket No.: 14-cv-_____

**FILED**

JUL 14, 2014
JUL 1 4 2014

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

NOTICE OF PETITION TO REMOVE FROM THE CIRCUIT COURT OF COOK
COUNTY, ILLINOIS, MUNICIPAL DEPARTMENT - FIRST DISTRICT

**FEDERAL QUESTION #1:**

DOES THE AMENDATORY LANGUAGE, AS ENACTED, OF THE ILLINOIS
CONDOMINIUM PROPERTY ACT, COMMONLY KNOWN AS THE ILLINOIS
DISTRESSED CONDOMINIUM ACT, VIOLATE THE CONSTITUTIONAL
PROHIBITION AGAINST THE RETROACTIVE IMPAIRMENT OF THE
OBLIGATION OF CONTRACTS (U.S. CONST. Art. 1, Sec. 9, cl. 1)

**FEDERAL QUESTION #2:**

IF THE AMENDATORY LANGUAGE, AS ENACTED, DOES NOT VIOLATE THE
PROHIBITION AGAINST THE RETROACTIVE IMPAIRMENT OF THE
OBLIGATION OF CONTRACTS, THEN IS THE STATE OF ILLINOIS AND ANY
POLITICAL SUBDIVISION THEREOF, PROHIBITED FROM ENFORCING THE
DISTRESSED CONDOMINIUM PROPERTY ACT AGAINST ANY CONDOMINIUM
PROPERTY IN WHICH THE UNITED STATES DEPARTMENT OF HOUSING AND
URBAN DEVELOPMENT, OR ANY GOVERNMENT SPONSORED ENTERPRISE
UNDER THE RECEIVERSHIP OR SUPERVISION OF THE FEDERAL HOUSING
FINANCE AUTHORITY, HAS AN OWNERSHIP INTEREST OR PREEMPTIVE
RIGHT?

## JURISDICTIONAL STATEMENT

THIS PETITION is brought pursuant to the U.S. Const., Art. 1, Sec. 9, cl. 1 and the provisions of 28 USCA 1331 and 28 USCA 1446 and such other United States Federal Laws as may be applicable.

PETITIONER HEREIN is an Illinois irrevocable trust ("the trust" or, alternately, "the trustee") with its principal place of business located within the Northern District of Illinois, Eastern Division. The trust is the assignee mortgagee of more than 23% of the Units in the Subject Property, said assignment having been delivered on July 7, 2014.

THE CITY OF CHICAGO is a municipal corporation under grant of the State of Illinois and located within the Northern District of Illinois, Eastern Division.

THE SUBJECT PROPERTY is a sub-divided and improved parcel of property submitted to the Illinois Condominium Property Act ("the Act") on January 7, 2007 and located within the city limits of Chicago, Cook County, Illinois, all within the Northern District of Illinois, Eastern Division.

CURRENT OWNERSHIP, as of this date, among the Unit Owners, as defined by the Act, is the United States Department of Housing and Urban Development ("HUD") (Unit 2956 #3), the Federal National Mortgage Association (aka "FNMA" or Fannie Mae) (Units 2958 #2, 2958 #3, 4003 #1, 4007 #2, 4007 #3) and the Federal Home Loan Mortgage Corporation (aka "FHLMC" or Freddie Mac) (Units 4005 #1 and 4007 #1).

CONCEALMENT OF FEDERAL OWNERSHIP: The assignment to HUD is, as of this date, unrecorded.

## SUMMARY OF STATE CASE

The state case number 11-M1-400718 was originated by the City of Chicago on or about

March 18, 2011 as a building code violation case alleging various minor infractions of the

building code together with an allegation that the exterior rear porches and stairs were in

disrepair. On first appearance, the Board of Managers introduced testimony that "make good

repairs" had been made to the exterior rear porches and stairs and presented the court with a copy

of complete architectural plans and a construction permit issued by the City of Chicago,

Department of Buildings on or about December 5, 2010, more than 3 months prior to the

initiation of the suit by the City.

On or about August 28, 2011, the City amended its complaint to seek "deconversion" of

the condominium property.

On or about April 9, 2012, the City filed its second amended complaint.

The City has throughout the litigation added parties as defendants, most recently on June

20, 2014 when it issued alias summons to CHI4005 LLC and Red Trading Inc.

At no time during the litigation has the City issued summons to the U.S. Department of

Housing and Development nor to the Federal Housing Finance Administration.


**PRAYER FOR RELIEF**

Petitioner seeks:

1)      review of the lawful enforcement of the application of the Illinois

        Condominium Property Act, specifically, the amended "Distressed"

        Condominium Property Act enacted and enforced effective January 1,

        2010 as to condominium properties in existence prior to January 1, 2010;

        and,

2)      review of the lawful enforcement of the application of the Illinois

Condominium Property Act, specifically, the amended "Distressed"

Condominium Property Act as it relates to any condominium property in

which the United States has an interest or preemptive right; and,

3)      an award of attorneys fees to all defendants named to date; and,

4)      such other monetary sanctions, as may be available, against the City of

Chicago; and,

5)      a permanent injunction against the City of Chicago prohibiting the

deconversion or attempted deconversion of any condominium property in

which the United States has an interest or preemptive rights; and,

6)      such other relief as the Court may see fit to Order.

Respectfully submitted,

Provest Realty Services Grantor Irrevocable Trust

By Its Trustee, Pro Se
This 14th day of July, 2014

Provest Realty Services Grantor Irrevocable Trust
Attn: James Reed, Trustee
310 Busse Hwy
Park Ridge, Illinois 60068
(312) 893-6440
PRSGtrust@gmail.com

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

In Re: **PROVEST REALTY SERVICES**     )
       **GRANTOR IRREVOCABLE TRUST,**    )
                         )
         **PETITIONER**            )
                         )     **Docket No.: 14-cv-_____**
         **v.**                 )
                         )
**CITY OF CHICAGO,**           )
                         )
         **RESPONDENT**        )
                         )
                         )


**SWORN DECLARATION IN SUPPORT OF PETITIONER'S PETITION TO REMOVE FROM THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS, MUNICIPAL DEPARTMENT - FIRST DISTRICT**


      I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed on July 14, 2014.

                    James Reed as Trustee for
                    Provest Realty Services Grantor Irrevocable Trust

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### MUNICIPAL DEPARTMENT–FIRST DISTRICT

THE CITY OF CHICAGO, a municipal corporation, )
                    Plaintiff, )

v. )

Wellington Pukiki Condo Assoc. )
          et al., )
          Defendant(s). )

No: 11 M1 400718

Re: 2954-60 N. Pulaski

Courtroom 1109, Richard J. Daley Center

Pink Copy for Defendant(s) (photocopy if required)

### ORDER

This cause coming to be heard on the set call, the Court having jurisdiction over the below-named defendant(s) and the subject matter, being fully advised in the premises, and having heard evidence and testimony:

IT IS HEREBY ORDERED THAT Defendant(s) _____

[ ] Must personally appear before this Court on the next court date. Corporate entities must appear through an attorney.

[ ] Must schedule and be present for an exterior / interior inspection of the entire subject premises, with plans and permits on site, with the Department of Buildings before the next court date or by _____

[ ] Must correct the following violations at the premises as cited in the Plaintiff's Complaint: _____ prior to the next scheduled hearing or by _____

[ ] Must board and secure the premises prior to the next court date or by _____, and must keep the premises boarded and secured until further order of court.

[ ] Shall be subject to a preliminary injunction not to rent, use, lease, or occupy the _____ until further order of court.

[X] An agreed protective order for Bank of America and BAc Home Loans is entered by Sep

ADDITIONALLY, THAT:

[X] All prior orders shall continue in full force and effect until further order of court including continuing various motions

[X] An alias summons shall issue to: CHI4005 LLC, Red Trading Inc.

[ ] The following shall be joined as defendant(s) with summons to issue: _____

[ ] The following defendants are dismissed: _____

[ ] Defendant(s) _____ has / have failed to appear in court or otherwise answer the Complaint and is / are in default, and the Complaint herein is confessed against said Defendant(s) and

    [ ] an ex parte judgment in the amount of $_____.00 plus court costs of $_____.00   [ ] prove-up is continued for a total amount of $_____.00 is entered against said Defendant(s).    to a later date.

[X] All pending motions shall be entered and continued

[ ] This cause be continued for: case management / trial, settlement, or dismissal / hearing / jurisdiction.

IT IS FURTHER ORDERED THAT this cause be continued to 7 / 14 / 2014 at 11:00 a.m., Courtroom 1109, Richard J. Daley Center, 50 W. Washington St., Chicago, without further notice.

HEARING DATE: 6 / 9 / 2014

By: _____
Attorney for Plaintiff
Corporation Counsel #90909
30 N. LaSalle, Room 700
Chicago, IL 60602    (312) 744-8791
FORM CONDO.1001 rev 10/2011

1 of 3

ENTERED
JUDGE MARK J. BALLARD-1742
JUN 09 2014
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY
DEPUTY CLERK

Judge Ballard   Courtroom 1109

Yellow Copy for City of Chicago-Department of Law    White Original for Court Records

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT–FIRST DISTRICT

THE CITY OF CHICAGO, a municipal corporation,
        Plaintiff,

v. *Leonardo Coppola*
      *et al.*,
      Defendant(s).

No: **11** MI **400718**

Re: **2954 N. Pulaski**

Courtroom 1109, Richard J. Daley Center

### ORDER

This cause coming to be heard on the set call, the Court having jurisdiction over the below-named defendant(s) and the subject matter, being fully advised in the premises, and having heard evidence and testimony:

IT IS HEREBY ORDERED THAT Defendant(s) *Wellington Pulaski Condo Association*

[ ] Must personally appear before this Court on the next court date. Corporate entities must appear through an attorney.

[X] Must schedule and be present for an ~~exterior~~ / interior inspection of the entire subject premises, with plans and permits on site, with the Department of Buildings ~~before the next court date or by~~ *with plumbing inspector in 14 days*

[ ] Must correct the following violations at the premises as cited in the Plaintiff's Complaint: _____ prior to the next scheduled hearing or by _____

[ ] Must board and secure the premises prior to the next court date or by _____, and must keep the premises boarded and secured until further order of court.

[ ] Shall be subject to a preliminary injunction not to rent, use, lease, or occupy the _____ until further order of court.

[ ] _____

ADDITIONALLY, THAT:

[ ] All prior orders shall continue in full force and effect until further order of court.

[ ] An alias summons shall issue to: _____

[X] The following shall be joined as defendant(s) with summons to issue: *Red Trading Company, Federal National Mortgage Company*

[ ] The following defendants are dismissed: _____

[ ] Defendant(s) _____ has / have failed to appear in court or otherwise answer the Complaint and is / are in default, and the Complaint herein is confessed against said Defendant(s) and
   [ ] an ex parte judgment in the amount of $ _____ .00 plus court costs of $ _____ .00  |  [ ] prove-up is continued
   for a total amount of $ _____ .00 is entered against said Defendant(s).        to a later date.

[X] *All pending motions are entered and continued*

[X] This cause be continued for: (case management) / trial, settlement, or dismissal / hearing / jurisdiction

IT IS FURTHER ORDERED THAT this cause be continued to **5 / 5 / 2014** at ~~11:00 a.m.~~ Courtroom 1109, Richard J. Daley Center, 50 W. Washington St., Chicago, without further notice.

HEARING DATE: **03 / 10 / 2014**

BY: _____
Attorney for Plaintiff
Corporation Counsel #90909
30 N. LaSalle, Room 700
Chicago, IL 60602    (312) 744-8791

Judge        Courtroom 1109

FORM CONDO.1001 rev 10/2011

ENTERED
COLLARD-1742
JUDGE MARK
MAR 10 2014
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

White Original for Court Records   Yellow Copy for City of Chicago Department of Law   Pink Copy for Defendant(s) (photocopy if required)

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS MUNICIPAL DEPARTMENT -
FIRST DISTRICT

CITY OF CHICAGO )      No. 11M1400718
a municipal corporation, )
           )      Re:2954-60 N PULASKI
           )
       Plaintiff, )
           )
       v. )
           )
WELLINGTON PULASKI )
CONDO ASSOC., et al., )
           )
       Defendant(s). )

## NOTICE OF ORDER(S) ENTERED

TO:     SERVICE LIST ATTACHED:

       You are hereby notified that on 06/09/2014 the following order(s) were entered. A copy of each order is attached:

### ORDER(S) OF 06/09/2014

This cause is to be heard on 07/14/2014 at 11:00 AM in Richard J. Daley Center:1109, 50 West Washington, Chicago, Illinois.

STEPHEN R. PATTON, Corporation Counsel, Atty. No. 90909
**By: GREGORY JANES**
**Assistant Corporation Counsel**
**30 NORTH LASALLE,**
**SUITE 700**
**CHICAGO, IL 60602**
(312)744-9555

## PROOF OF SERVICE BY DELIVERY

I, _____ a non-attorney certify that I served this notice by delivering a copy personally to each person to whom it is directed on _____

## PROOF OF SERVICE BY MAIL

I, ELLA GREEN (a non-attorney), on oath state served this notice by mailing a copy of this notice to the party or parties, set forth to the attached service list and deposited the same in the United States Mail Depository at 30 North LaSalle Street, Chicago, Illinois on or before 5:00p.m. on June 17, 2014 with proper postage prepaid.

(If not the attorney)
Signed and sworn to before me

on JUNE 17, 2014

_Elizabeth Liam_
Notary Public
Cook County, Illinois

OFFICIAL SEAL
ELIZABETH ZIARNO
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:12/07/15

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY ILLINOIS**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT - FIRST DISTRICT

CITY OF CHICAGO, a municipal corporation )

        Plaintiff,            )     No.    11M1400718

V )

LEONARDO COPPOLA, )     Re:    **2954-60 N PULASKI RD/**
                         )           **4003-09 W WELLINGTON**
       et al.     )          **Chicago, Illinois**
       Defendants.   )

## NOTICE OF ORDER(S) ENTERED

TO:    SERVICE LIST ATTACHED:

      You are hereby notified that on 04/09/12 the Honorable Judge William G. Pileggi entered the following order(s) a copy of each order is attached including a copy of Plaintiff's 2nd Amended Complaint.

### ORDER(S) OF 04/09/12

This cause is continued to **05/07/12** at **9:30A.M.** in **Courtroom 1109** at the Richard J. Daley Center, 50 West Washington, Chicago, Illinois.

Stephen R. Patton
Corporation Counsel, Atty. No. 90909
**By: Gregory Janes**
**Assistant Corporation Counsel**
City of Chicago Law Department
30 North La Salle Street, Suite 700
Chicago, Illinois 60602 (312)744-9555

### PROOF OF SERVICE BY DELIVERY

I, . . . . . . . . . . . . . . . . . . . . . . . . . . . a non-attorney certify that I served this notice by delivering a copy personally to each person to whom it is directed on . . . . . .

### PROOF OF SERVICE BY MAIL

Penny Sumler     (a non-attorney, on oath state)
I served this notice by mailing a copy of this notice to the party or parties, set forth to the attached service list and deposited the same in the United States Mail Depository at 30 North La Salle Street, Chicago, Illinois on or before 5:00p.m. on April 11, 2012 with proper postage prepaid.

_____

(If not the attorney)
Signed and sworn to before me

on April 11, 2012

_____
Notary Public
Cook County, Illinois

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT - FIRST DISTRICT

CITY OF CHICAGO, a municipal corporation )

Plaintiff, ) No. 11M1400718

V )

LEONARDO COPPOLA, ) Re: 2954-60 N PULASKI RD/
) 4003-09 W WELLINGTON
et al. ) Chicago, Illinois
Defendants. )

### NOTICE OF ORDER(S) ENTERED

TO:     SERVICE LIST ATTACHED:

You are hereby notified that on 04/09/12 the Honorable Judge William G. Pileggi entered the following order(s) a copy of each order is attached including a copy of Plaintiff's 2nd Amended Complaint.

### ORDER(S) OF 04/09/12

This cause is continued to **05/07/12** at **9:30A.M.** in **Courtroom 1109** at the Richard J. Daley Center, 50 West Washington, Chicago, Illinois.

Stephen R. Patton
Corporation Counsel, Atty. No. 90909
**By: Gregory Janes**
**Assistant Corporation Counsel**
City of Chicago Law Department
30 North La Salle Street, Suite 700
Chicago, Illinois 60602 (312)744-9555

### PROOF OF SERVICE BY DELIVERY

I, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . a non-attorney certify that I served this notice by delivering a copy personally to each person to whom it is directed on . . . . . .

### PROOF OF SERVICE BY MAIL

Penny Sumler     (a non-attorney, on oath state)
I served this notice by mailing a copy of this notice to the party or parties, set forth to the attached service list and deposited the same in the United States Mail Depository at 30 North La Salle Street, Chicago, Illinois on or before 5:00p.m. on April 11, 2012   with proper postage prepaid.

_____

(If not the attorney)
Signed and sworn to before me

on  April 11, 2012

_____

Notary Public
Cook County, Illinois

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT—FIRST DISTRICT

THE CITY OF CHICAGO, a municipal corporation,
Plaintiff,

_Wellington Pulaski Condo Assoc._

et al.,
Defendant(s)

No: 11 M1 400718

Re: 2954-60 N. Pulaski

Courtroom 1109, Richard J. Daley Center

## ORDER

This cause coming to be heard on the set call, the Court having jurisdiction over the Defendant(s) and the subject matter, and being fully advised in the premises and having heard evidence and testimony:

IT IS HEREBY ORDERED THAT Defendant(s) _James Reed, George Somur, Octavio Tapia,_
_Wellington Pulaski Condo Assoc, Gotham Corp, Carlos Rosilla, Remy O'Brien,_

[X] Shall personally appear before this Court at the next scheduled hearing. _Chicago Properties Express, Alberto Tapia_

[ ] Shall schedule and be present for an exterior / interior inspection of the entire subject premises, with plans and permits, with the Department of Buildings before the next scheduled hearing or by _____

[ ] Shall correct the following violations at the subject premises as cited in the Plaintiff's Complaint: _____
prior to the next scheduled hearing or by _____

[ ] Shall board and secure the subject premises prior to the next scheduled hearing or by _____, and keep the subject premises boarded and secured until further order of court.

[ ] Shall be subject to a preliminary injunction not to rent, use, lease, or occupy the _____
until further order of court.

[X] _City's second amended complaint is filed instanter._

ADDITIONALLY, THAT:

[X] All prior orders shall continue in full force and effect.

[ ] An alias summons shall issue to _____

[X] The following shall be joined as defendant(s) with summons to issue: _James Reed, George Somur,_
_and Octavio Tapia_

[ ] Defendant(s) _____ has / have failed to appear in
court or otherwise answer the Complaint and is / are in default, and the Complaint herein is confessed against said Defendant(s)
and an ex-parte judgment shall be entered against said Defendant(s) in the amount of $ _____ .00 plus court costs of $ _____ .00
for a total amount of $ _____ .00.

[X] _Deconversion Order is granted but stayed until 5/7/12_

[X] Continued for (case management) / trial, settlement, or dismissal / hearing / jurisdiction.

IT IS FURTHER ORDERED THAT this cause be continued to 5 / 7 / 12 at 9:30 a.m., Courtroom 1109,
Richard J. Daley Center, 50 W. Washington St., Chicago, without further notice. _Assoc Judge WILLIAM G. PILEGGI_

HEARING DATE: 4 / 9 / 12

APR 0 9 2012

By: _____
Assistant Corporation Counsel
_____, Corporation Counsel #90909
30 N. LaSalle, Room 700
Chicago, IL 60602 (312) 744-8791

Judge William G. Pile **Circuit Court** no. 17609

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT - FIRST DISTRICT

CITY OF CHICAGO, a Municipal )
Corporation, )
)
        Plaintiff, )        Case No: 11-M1-400718
)
vs. )
)        Re: 2954-2960 N. Pulaski/ 4003-
LEONARDO COPPOLA, 3731 N. ST. LOUIS )        4009 W. Wellington
LLC, WELLINGTON & PULASKI )
CONDOMINIUM ASSOCIATION, GOTHAM )        pin# 13-27-221-029-0000
CORPORATION, FEDERAL NATIONAL )            13-11-420-037-1001 through
MORTGAGE ASSOCIATION, PROVEST )            13-11-420-047-1019
REALTY SERVUCES, INC., EDGEBROOK )
BANK, BELMONT BANK AND TRUST, )
MORTGAGE ELECTRONIC )
REGISTRATION SYSTEMS, HECTOR )
RODRIGUEZ, DEUTSCHE NATIONAL )
TRUST CO. AS TRUSTEE OF THE )
INDYMAC INDSE MORTGAGE TRUST )
2007-AR13 MORTGAGE PASS-THROUGH )
CERTIFICATES SERIES 2007-AR13 UNDER )
POOLING AND SERVICING AGREEMENT )
DATED MAY 1, 2007, EMC MORTGAGE )
CORP., CARLOS RASILLA, CHASE HOME )
FINANCE LLC, REMY O'BRIEN, BANK OF )
AMERICA, BAC HOME LOANS )
SERVICING, HSBC BANK USA, ALBERTO )
TAPIE, TENANTS AND OCCUPANTS, AND )
UNKNOWN OWNERS AND NONRECORD )
CLAIMANTS )
        Defendants. )



FILED
CV-1109
APR 09 2012
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY

## SECOND AMENDED COMPLAINT

Plaintiff City of Chicago ("City"), by its attorney, Stephen Patton, Corporation Counsel,
complains of the Defendants as follows:

## GENERAL ALLEGATIONS

### Nature of the Case

1

1.     The City brings this action pursuant to its police power as a home rule unit under Article VII of the Illinois Constitution, which includes "the power to regulate for the protection of the public health, safety, morals and welfare." Ill. Const. art. VII, par. 6(a). As a further grant of authority, the City brings this action pursuant to the Unsafe Property Statute, 65 ILCS 5/11-31-1(a) et seq. (2004), as amended, and the Injunctive Relief Statute for Building and Zoning Violations, 65 ILCS 5/11-13-15 (2004), as amended. Finally, the City brings this action pursuant to the Illinois Condominium Property ("Distressed Condominium") Act, 765 ILCS 605/14.5 (2009). By bringing this action, the City seeks, among other things, to abate the dangerous and unsafe conditions at the property in question and to obtain equitable relief, civil penalties, attorney's fees and costs in this matter.

## The Parties and the Property at Issue

2.     The City is a municipal corporation organized and existing under the laws of the State of Illinois.    Within the corporate limits of the City, there is a parcel of real estate legally described as:

> LOTS 1 AND 2 IN BLOCK 3 IN BELMONT GARDENS, BEING A SUBDIVISION
> OF PART OF THE NORTHEAST ¼ OF SECTION 27, TOWNSHIP 40 NORTH,
> RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY,
> ILLINOIS.

This parcel is commonly known as 2954-60 N. Pulaski/ 4003-9 W. Wellington ("Subject Property") and has permanent index numbers of 13-27-221-029-0000 and 13-27-221-037-1001 through 1019.

3.     Located on the Subject Property is a 3-story building with 17 dwelling units and 3 commercial units.  The last known use of the structure was mixed residential and commercial.

4.     At all times relevant to this complaint, the Defendants owned, managed, controlled, collected rents from, had a legal or equitable interest in, or contributed to the ongoing violations at the subject property.  More specifically:

2

a.  On January 9, 2007, a condominium declaration was filed delineating Defendant

Wellington & Pulaksi Condominium Association Inc. as the condominium

association for the subject property. The association has recorded a lien against

many of the units in the building.

b.  Defendant 3731 N. St Louis LLC, Inc. is listed as the developer in the

condominium declaration and is the last taxpayer of record.

c.  Commercial Unit 1, PIN 13-27-221-037-1001.

The current owner is LEONARDO COPPOLA. The mortgagee is PROVEST
REALTY SERVICES AND EDGEBROOK BANK.

d.  Commercial Unit 2, PIN 13-27-221-037-1002.
The current owner is LEONARDO COPPOLA. The mortgagee is PROVEST
REALTY SERVICES AND EDGEBROOK BANK.

e.  Commercial Unit 3, PIN 13-27-221-037-1003.
The current owner is LEONARDO COPPOLA. The mortgagee is PROVEST
REALTY SERVICES AND EDGEBROOK BANK.

f.  Unit #4003-1, PIN 13-27-221-037-1004.
The current owners are FEDERAL NATIONAL MORTGAGE ASSOCIATION
after the completion of a foreclosure.

g.  Unit 4005-1, PIN 13-27-221-037-1005.
The current owners are FEDERAL HOME LOAN MORTGAGE
CORPORATION after the completion of a foreclosure.

h.  Unit 4007-1, PIN 13-27-221-037-1006.
The current owners are FEDERAL HOME LOAN MORTGAGE
CORPORATIONafter the completion of a foreclosure.

i.  Unit 4009-1, PIN 13-27-221-037-1007.
The current owner is HECTOR RODRIGUEZ. The mortgagee is BELMONT
BANK AND TRUST CO. There is a foreclosure pending, case # 10-CH-34608.

j.  Unit 2956-2, PIN 13-27-221-037-1008.
The current owners is DEUTSCHE BANK NATIONAL TRUST CO. AS
TRUSTEE OF THE INDYMAC INDSE MORTGAGE TRUST 2007-AR13
MORTGAGE PASS THROUGH CERTIFICATES SERIES 2007-AR13
UNDER POOLING AND SERVICING AGREEMENT DATED MAY 1, 2007
after the completion of a foreclosure.

k.  Unit 2958-2, PIN 13-27-221-037-1009
The current owners are IVAN VEGA . The mortgagee is MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS.

l.  Unit 4003-2, PIN 13-27-221-037-1010
The current owners are Wellington Pulaski Condominium Association.

m.  Unit 4005-2, PIN 13-27-221-037-1011
The current owners are GOTHAM CORPORATION.

n.  Unit 4007-2, PIN 13-27-221-037-1012
The current owner is FEDERAL NATIONAL MORTGAGE ASSOCIATION
after the completion of a foreclosure.

o.  Unit 4009-2, PIN 13-27-221-037-1013
The current owners are EMC MORTGAGE CORP. after the completion of a
foreclosure.

p.  Unit 2956-3, PIN 13-27-221-037-1014
The current owner is CARLOIS RASILLA . The mortgagee is CHASE HOME
FINANCE LLC. There is a foreclosure pending, case #09 CH 28428.

q.  Unit 2958-3, PIN 13-27-221-037-1015
The current owner is REMY O'BRIEN. The mortgagee is BANK OF
AMERICA. There is a foreclosure pending, case #10-CH-20949.

r.  Unit 4003-3, PIN 13-27-221-037-1016
The current owner is HSBC Bank USA, after the completion of a foreclosure.

s.  Unit 4005-3, PIN 13-27-221-037-1017
The current owner is Chicago Properties Express.

t.  Unit 4007-3, PIN 13-27-221-037-1018
The current owners are FEDERAL NATIONAL MORTGAGE
ASSOCIATION, after the completion of a foreclosure.

u.  Unit 4009-3, PIN 13-27-221-037-1019
The current owner is ALBERTO TAPIE, after the completion of a foreclosure.

v.  Defendants also include all tenants and occupants and unknown owners and
non-record claimants.

**Count I**
**Building Code Violations**

4

5.    The City realleges and incorporates the allegations of paragraphs 1 through 4 of the General Allegations as paragraph 5 of Count I and further alleges:

6a.    That on or about October 28, 2010, and on each succeeding day thereafter and on numerous other occasions, the Defendants failed to comply with the Municipal Code of the City of Chicago ("Code") regarding:

a.    CN061014
REPAIR EXTERIOR WALL
Failed to maintain the exterior walls of a building or structure free from holes, breaks, loose or rotting boards or timbers and any other conditions which might admit rain or dampness to the walls. (13-196-530(b),13-196-641) in that the east elevation exterior wall has fractured masonry and washed out mortar.

b.    CN062024
PARAPET Failed to maintain parapet wall in good repair and free from cracks and defects. (13-196-530 and 13-196-641) in that on the east elevation the parapet wall, there is fractured masonry with washed out mortar.

c.    CN065014
REPAIR LINTELS
Failed to maintain lintel in good repair and free from cracks and defects. (13-196-530(e), 13-196-641) in that the lintels at the entryways are rusted and sagging.

d.    CN070024
REPAIR PORCH SYSTEM
Failed to repair or replace defective or missing members of porch system. (13-196-570, 13-196-641) in that on the exterior wood porch systems there are worn and loose sections throughout porch and stair systems, columns lack sufficient footings; columns are overnotched; ledgerbords and stringer connections are only nailed and lack bolts; hand and guardrails, ledger boards, stringers, treads are separating and cracked.

e.    CN074014
SERVICE WALK, PASSAGE, AREAWAY
Failed to maintain exterior service walks, passage and areaways in clean, sanitary and safe condition (13-196-630, 13-196-641) in that there is a large sections of missing sidewalk on the south elevation.

e.    CN076014
PROVIDE GUTTER & DOWNSPOUT
Install and connect roof gutter and downspout to sanitary sewer. (13-168-600) in that there are missing sections of downspout.

f.    CN104015
REPLCE WINDOW PANES, PLEXGLAS
Replace broken, missing or defective window panes. (13-196-550 A) in that there are broken panes in windows that are dangerous and loose and hanging at south, east, and south-east sections of the buildings.

g.    CN105045
INSTALL DEAD BOLT LOCK
Failed to install dead bolt lock, with at least one inch saw resistant bolt projection or with rim mounted deadbolt or vertical drop-bolt lock of equivalent security, at the entrance door of a dwelling unit (13-164-030) in that the entry door does not have a deadbolt lock.

h.    CN196029
POST OWNER/MANAGERS NAME AND NUMBER

Post name, address, and telephone of owner, owner's agent for managing, controlling or collecting rents, and any other person managing or controlling building conspicuously where accessible or visible to public way (13-12-030) in that there are no owner identification posted.

i.    CN198019
FILE BLDG REGISTRATION
File building registration statement with Building Dept (13-10-030, 13-10-040) in that the building has not been registered as required.

j.    EL0023
INSTALL COVERS
Install cover on outlet or junction box (18-27-370.25) in that on the west elevation there is an electrical service entrance conduit without a cover.

k.    EL0036
COVER OUTLETS AND JBS
Install cover on outlet or junction box (18-27-370.25) in that there are open electrical boxes and exposed wiring in 2954 at the ceiling.

6b. That on or about March 16, 2012, and on each succeeding day thereafter and on numerous other occasions, the Defendants failed to comply with the Municipal Code of the City of Chicago ("Code") regarding:

a.    CN 104015
REPLACE WINDOW PANES, PLEXGLASS
Replace broke, missing or defective window panes. (13-196-550 A).
Replace multiple broken glass block sections. 2.-2958 2nd floor kitchen window pane smashed, double pane sash.

b.    CN 065034
REPAIR WINDOW SILLS
Failed to maintain window sill in good and repair and free from cracks and defects. (13-196-530(e), 13-196-550, 13-196-641.
Repair crumbling white stone sills. 2nd floor west by alley.

c.    CN 197087
CARBON MONOXIDE DETECTORS IN RESIDENCE
Install carbon monoxide detector within 40 feet of every sleeping room in residential structure. (13-64-190, 13-64-210) A carbon monoxide detector is needed whenever there is a heating appliance on the premises that burns fossil fuel such as gas, oil, or coals, or air that is circulated through a heat exchanger. Install according to manufacturer instructions. A hard wired model requires an electrical wring permit. In a single family residence, be sure the detector is on or below the lowest floor with a place to sleep. In a multiple dwelling residence heated by a boiler, install a detector in the same room as the boiler. Otherwise, each apartment follows single family guidelines. The owner is responsible for installation and written instructions, the tenant for testing, maintenance, and batteries.
Missing or defective detectors. 4009- 1st floor. 4007 1st, 2nd, and 3rd floor. 4005 3rd floor. 4003 2nd floor. 2956 3rd floor.

d.    CN 197019

6

INSTALL SMOKE DETECTORS

Install and maintain approved smoke detectors. (13-196-100 thru 13-196-160) Install a smoke detector in very dwelling unit. Install one on any living level with a habitable room or unenclosed heating plant, on the uppermost ceiling of enclosed porch stairwell. And within 15 feet of every sleeping room. Be sure the detector is at least 4 inches from the wall, 4 to 12 inches from the ceiling, and not above door or window.

Missing or defective smoke detectors. 4003 1st, 2nd floor. 4005 1st and 2nd floor. 4007 1st, 2nd, and 3rd floor. 2956 3rd floor.

e.  CN 131016

SCREEN OUTER DOORS, WINDOWS.

Screen outer doors, windows, and other outer openings adequately from April 15th to Nov. 15. (12-196-560 B).

Missing screen doors on all exterior rear doors.

f.  CN 012022

1HR FLR OVER BASEMENT, 1 OR 2 DWELLING UNITS.

Failed to construct floor over basement with materials of at least one hour fire resistance, other than in single family and two family dwellings. (13-60-200).

Exposed ceiling joists. East basement areas, 2954-60 N. Pulaski.

g.  CN 012012

½ HR FLR OVER BASEMENT, 3+ DWELLING UNIT, PRE 57.

Basement ceiling plaster with multiple and large areas of plaster damaged and/or missing. (13-196-710)

North basement areas, 4003-09 W Wellington.

h.  CN 019012

ENCLOSE FLOOR OPENINGS WITH 1 HOUR FIRE RESISTENCE.

Furnace enclosures with unsealed pip penetrations and open or damaged plaster ceilings. (15-8-160, 15-8-120)

All apartments and basement areas.

i.  CN 067014

REPAIR ROOF

Failed to maintain roof in sound condition and repair, watertight and free from defects. (13-196-530, 13-196-530© and 13-196-641.

Front room with damaged/stained ceiling plaster due to roof leak. 4005 3rd floor.

j.  CN 070014

REPAIR EXTERIOR STAIR.

Failed to maintain exterior stairways in safe condition and in sound repair. (13-196-570, 13-196-641).

Grade to basement concrete steps without a hand rail. North west steel stair

system.

k. CN 1103015
REPAIR FLOOR.
Failed to maintain floor free from holes and wide cracks and free from loose, warped, protruding or rotting floor boards. (13-196-540(a) and (b)).
Massage clinic floor by the north exist door area with a hole, multiple torn or ripped carpeting throughout.

l. NC 2011.
PLANS AND PERMITS REQUIRED- CONTRACTOR.
Performed or allowed work to be performed without submitting plans, prepared, signed and sealed by a licenses architect or registered structural engineer for approval and without obtaining a permit to perform the work. (13-32-010, 13-32-040, 13-40-020, 13-12050).
Submit the plans and permits utilized to add a family unit in basement. 4007 W. Wellington.

m. CN 111085.
CEILING HEIGHT – 7' BASEMENT.
Increase ceiling high tot 7 ft. (13-48-010 thru 13-48-100, 13-200-120, 13-200-16 F, 13-200-230D).
Basement ceiling height lower than 7 ft. 2.-metal ducts at 6'3'' in height.

n. CN 111095.
WINDOW AREA ABOVE GROUND.
Locate minimum window area entirely above ground. (13-172-010 thru 13-172-150, 13-200-230 C, 13-200-370, 13-200-380).
Window area providing natural light and ventilation under sized in all rooms. 4007 W. Wellington.

o. CN 111045
CORRDIDOR ENCLOSURE- BASEMENT.
Enclose public corridor adequately. (13-196-650, 13-196-680, 13-196-740 D).
Basements second exit is thru an area that originally was the electrical meter room, the walls separating the family unit have multiple holes and are not of one hour fire rating. 4007 W. Wellington.

p. CN 015062
OBSTRUCTIONS IN EXIT WAY.
Failed to remove obstruction from exitway that hampers travel and evacuation. (13-160-070, 13-1196-080).
Basement rear exit with junk and debris in exit travel path. 4007 W. Wellington.

q. CN 105025.

REPAIR DOOR FRAME, MULLIN.
Repair or replace floor frame. (13-196-550).
Rear basement door without frame casings, open joists.

r. NC 2011
PLANS AND PERMITS REQUIRED- CONTRACTOR.
Performed or allowed work to be performed without submitting plans, prepared, signed and sealed by a licenses architect or registered structural engineer for approval and without obtaining a permit to perform the work. (13-32-010, 13-32-040, 13-40-020, 13-12050).
Extensive rehab of apartment, multiple walls were relocated and/or removed. 2.-new drywall etc. 2956 2nd floor.

s. PL 159047
REPLACE DEFECTIVE VALVE, PIPING.
Repair or replace defective valve or piping system. (18-29-102.3)
Remove all PVC piping in entire building.

t. PL 194039
REMOVE
Removed all flex water lines as per 18-29-1023.

u. PL 15*9057
STOP ODORS PRP DFT DEWAGE SYS.
Repair defective plumbing and sewage system.
Repair and/or replace entire sewage system.

v. PL 232050
REMOVE WATER, SOIL, WASSTE, VENT.
Remove reoughed in water supply, soil, waste, and vent piping installed without permit. (13-12-050, 13-332-010)
remove the washing machine piping installed without proper permits. 2956 N Pulaski 1st thru 3rd floor.

w. PL 234008
EXTEND SOIL/WASTE THROUGH ROOF.
Extend soil/waste stack vent through roof. (18-29-904.1)
Extend to 7 feet above roof line. 2956 3rd floor.

x. PL 157047
STOP LEAAKING WATER
Stop leaking water. (18-29-102.3)
Kitchen sink p-trap leaking, bathroom faucet also. 4003 2nd floor.

y. EL 0006
PROPER SIZE GRID ELECTRODE CONDUCTOR.
Install proper size grounding conductor.

No grounding electrode conduction, condition is dangerous and hazardous.

z. EL 0023 |
INSTALL COVERS
Install cover on outlet or junction box. (18-27-370.25).
In all basement areas there are open junction boxes. 2-4005-07 basement area there are meter and distribution panel covers missing, dangerous and hazardous condition.

...

aa. EL 0024
INSTALL ILLUMINATION.
Install hall, corridor, stair, accessible attic, closet, basement storeroom, utility room, and/or garage. (18-27-700.6, 18-27-560.7, 18-27-700.8, 18-27-700.9, 18-27-700.10)
Missing proper illumination at exit areas. Rear exterior areas.

bb. EL 0025
SYSTEM III
Install system III emergency lighting. (18-27-700.6, 18-27-700.22)
Required emergency lighting system has not been installed, building is above 5 dwelling units. 2-permit is required.

cc. EL 0084
L.B. cover missing from electrical service piping, install as per 18-27-370-16.

dd. VT 0010
ARRANGE COMPLETE PERMIT INSPECTION.
Arrange mechanical ventilation or warm air heating system final inspection when work completed. (13-12-100, 13-176-310, 13-184-140)

ee. VT 2030
INSTALL VENT/AS SHOWN ON PLANS.
Install ventilation as shown on approved plans. (13-40-100, 13-176-070).
As per 18-28-307.2.2, 18-28-307.2.4, 18-28-307.2.5. No drain pans were installed, condensate drains not properly installed, condensate drains must be trapped.

...

ff. VT 2030
INSTALL VENT/AS SHOWN ON PLANS.
Install ventilation as shown on approved plans. (13-40-100, 13-176-070).
As per 18-28-801.19 there shall be no common vents of furnaces, all furnaces, all furnaces should be vented separately.

7.    That Michael Merchant is the Commissioner of the Department of Buildings of the City

of Chicago, and as such and through the reports of the City of Chicago Department of Buildings

inspectors, he or the undersigned has knowledge of the facts stated in this complaint.

8.     That this proceeding is brought pursuant to the provisions of the Municipal Code of Chicago, and of Chapter 65, Section 5/11-31-1, 5/11-31-2, and 5/11-13-15 of the Illinois Compiled Statutes, as amended.

**WHEREFORE**, the City requests that this Court enter an Order:

A.     Declaring that all Defendants violated the Building Code of the City of Chicago at the Subject Property;

B.     Fining all Defendants $500 for each violation of the Code listed herein, whereby each and every day that a violation of the Code persists constitutes a separate and distinct violation;

C.     Requiring all Defendants to immediately repair, cure, and abate the violations of the Code listed herein;

D.     Requiring all Defendants to hire licensed and bonded professionals to repair, cure, and abate the violations of the Code listed herein;

E.     Requiring all Defendants to secure the plans and permits required to repair, cure, and abate the violations of the Code listed herein; and

F.     Granting any other relief that this Court deems appropriate.

## COUNT II
### Appointment of Receiver

9.     The City realleges and incorporates paragraphs 1 through 8 of the General Allegations as paragraph 9 of Count II and further alleges:

10.     That Michael Merchant, the Commissioner of the Department of Buildings of the City of Chicago, has determined that the Subject Property is dangerous and unsafe.

11.     That the Defendants or parties in possession and control of the Subject Property have

11

failed to correct, after due notice, these unsafe and unhealthy building conditions.

12. That the levying of a fine is not an adequate remedy for the abatement of a nuisance, and that it is necessary that a temporary and permanent injunction issue and that a general receiver be appointed to bring the Subject Property into compliance with the Code.

13. That equitable remedies other than the appointment of a general receiver are inadequate because, on information and belief, the conditions which now exist at the Subject Property will remain unabated without the appointment of a general receiver, and will result in the loss of salvageable housing stock, as well as cause irreparable harm to tenants, occupants, neighboring property owners, and the general public.

14. The City recommends appointment of a qualified general receiver to the Subject Property to correct the defective conditions thereon.

15. That the general receiver's bond should be waived pursuant to 65 ILCS 5/11-31-2.3 (2004).

16. That the applicant's bond should be excused pursuant to 65 ILCS 5/11-31-2.3 (2004) and 735 ILCS 5/2-415(a) (2004).

WHEREFORE, the City requests that this Court enter an Order:

A. Appointing a general receiver to correct the defective conditions at the premises located at 2954-80 N. Pulaski/ 4003-9 W. Wellington, in the City of Chicago, with powers granted and duties imposed, as set forth in paragraph B, below, until further order of court;

B. Authorizing and ordering the receiver to enter into possession of the premises, to maintain the premises and make repairs thereto as follows, to wit:

1. Investigate, draft and submit a written feasibility report to this Court concerning the management and repair of the premises, including evaluation of tenancy or

occupancy of the premises, and a property and budget analysis;

2.    Request information from the Department of Buildings regarding the hazardous conditions existing at the premises and the order in which they should be abated; to make emergency repairs not exceeding $5,000.00, unless prior authorization is obtained from this Court; to obtain a minimum of three (3) contractor's bids for repair of said hazardous conditions; to obtain information as to the condition of title to the premises, including current owners and all parties having an interest in the property; to obtain estimates on the utility, insurance and fiduciary bond costs associated with the premises; and to identify and obtain rehabilitation funding;

C.    Authorizing the receiver to employ agents to assist in the performance of his/her receivership duties;

D.    Authorizing the receiver to issue and to assign receiver's certificates in the amount of the funds expended or required to complete said repairs, in accordance with Section 5/11-31-2 of Chapter 65 of the Illinois Compiled Statutes, as amended;

E.    Ordering the Defendants to pay for the costs incurred by the receiver;

F.    Ordering the receiver to report to the court, at the next hearing on this matter, the results of his/her feasibility study, including the estimated cost of repairs, a proposed source of loan funding, if available, and a recommendation as to whether further repairs of the premises should be made;

G.    Enjoining and restraining the Defendants who have been personally served or generally appeared in this cause from interfering with or obstructing the receiver's performance of his/her receivership duties;

H.    Requiring the Defendants to deliver to the receiver all leases, books of account, and all

13

other papers and documents necessary to conduct a feasibility study of the premises, together with all keys to the premises seven days following the date of entry of an order appointing a receiver;

I.     Excusing receiver's bond pursuant to 65 ILCS 5/11-31-2.3 (2004);

J.     Excusing applicant's bond pursuant to 65 ILCS 5/11-31-2.3 (2004) and 735 ILCS 5/2-415(a) (2004); and

K.     Continuing this matter for a receiver's report and determination of whether a general receivership of the premises is feasible.

## COUNT III

### Distressed Condominium Property Provisions

17.     The City re-alleges and incorporates paragraphs 1 through 7 of the General Allegations as paragraph 17 of Count III and further alleges:

18.     The Condominium Property Act provides that a distressed condominium property is a parcel containing condominium units which are "operated in a manner or have conditions which may constitute a danger, blight, or nuisance to the surrounding community or to the general public." 765 ILCS 605/14.5(a).

19.     The Condominium Property Act authorizes the City of Chicago to seek a court order finding that a property is a distressed condominium and appointing a receiver for the property. 765 ILCS 605/14.5, et seq.

20.     The dangerous conditions giving rise to the status of distressed condominium property must include, but are not limited to, two (2) or more of the following conditions:

a.     50% or more of the condominium units are not occupied by persons with a legal right to reside in the units;

b.     The building has serious violations of any applicable local building code or

14

zoning ordinance;

    c.    60% or more of the condominium units are in foreclosure or are units against which a judgment of foreclosure was entered within the last 18 months;

    d.    There has been a recording of more condominium units on the parcel than physically exist;

    e.    Any of the essential utilities to the parcel or to 40% or more of the condominium units is either terminated or threatened with termination;

    f.    There is a delinquency on the property taxes for a least 60% of the condominium units.

21.    The subject property contains two or more of the above-mentioned dangerous conditions, as follows:

    a.    The building has serious violations of the City of Chicago Municipal Code as described in paragraph 9 of Count One. The City re-alleges and incorporates paragraph 6 by reference, the dangerous porches, the exterior wall violations, and the electrical violations.

    b.    Approximately 80% of the 20 units are in foreclosure now or have been in the past eighteen months.

    c.    The property was posted for a water shut off due to a lack of payment.

22.    Moreover, the property is in close proximity to a busy intersection.

23.    Based upon the preceding factors, the property is not viable as a condominium.

24.    There is no functioning condominium association or board which can take responsibility for the necessary code repairs at the subject property.

25.    The failure of the defendants who own, control or otherwise manage the subject property to maintain the subject property according to the minimum requirements of the Municipal

Code of Chicago constitutes a danger, blight and/or nuisance to the surrounding community and the public at large. The levying of a fine is not an adequate remedy for the unsafe conditions that exist at the property.

26.  The appointment of a receiver is necessary to abate the nuisance conditions present at this property and to allow for the maintenance and rehabilitation of this blighted property into a safe and inhabitable rental property in compliance with the Municipal Code of the City of Chicago.

27.  A receiver appointed under the Distressed Condominium provision of the Illinois Condominium Property Act shall "have possession of the property and shall have full power and authority to operate, manage, and conserve the property" and must "manage the property as would a prudent person." 765 ILCS 605/14.5(e). The receiver may also, without an order of the court, delegate managerial functions of the receivership to a financially responsible and prudently selected person in the business of managing real estate. 765 ILCS 605/14.5(e).

WHEREFORE, the City requests that this Court:

A.  Make a finding that this property is a distressed condominium property constituting a danger, blight, or nuisance to the surrounding community and general public in that it contains two or more of the conditions listed in 765 ILCS 605/14.5(a)(1)(A) through (F);

B.  Appoint Community Initiatives, Inc. (CII) as general receiver for the property pursuant to 765 ILCS 605/14.5 (c)(2), the receiver to have all powers and authority contemplated in, but not limited by 765 ILCS 605/14.5 (e)(1) through (10) and (f);

C.  Authorize the receiver to recover the cost of any feasibility study, sale, management, maintenance, repair and/or rehabilitation of the property by the issuance and sale of notes or receiver's certificates bearing such interest as the court may fix, pursuant to 765 ILCS 605/14.5 (f).

D.  Authorize the receiver to coordinate with various City agencies and departments, including

16

but not limited to the Chicago Police Department, the Department of Human Services, the Department of Construction and Permits, and the Department of Buildings.

E. Implead as party defendants all tenants and/or occupants of the subject premises, and enjoin and restrain defendants who have been personally served or generally or limitedly appeared in this cause from interfering with or obstructing the receiver's performance of his or her duties.

F. Find that the subject property is not viable as a condominium and enter an order pursuant to 765 ILCS 605/14.5 (c) (2) declaring:

    a. That the property at 2954-2960 N. Pulaski/ 4003-4009 W. Wellington is no longer a condominium;

    b. That the property is deemed to be owned in common by each of the unit owners;

    c. That the undivided interest in the property which shall appertain to each unit owner shall be the percentage of undivided interest previously owned by the owner in the common elements; and,

    d. That any liens affecting any unit shall be deemed to be attached to the undivided interest of the unit owner in the property as provided herein.

G. Authorize the receiver to enter into a sales contract and transfer the title of the property on behalf of the owners of the property pursuant to 765 ILCS 605/14.5 (d).

H. Grant any other relief that this court deems appropriate.

Respectfully submitted,
STEPHEN PATTON
Corporation Counsel of the City of Chicago

                   By: _____

                          Senior Counsel

Gregory Janes
Building and License Enforcement
City of Chicago, Department of Law
30 North LaSalle Street, Suite 700

Chicago, IL 60602
(312)742-0342

## VERIFICATION BY CERTIFICATION

Pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that he is an Assistant Corporation Counsel of the City of Chicago, and that he is the authorized agent of the Plaintiff for purpose of making this certification, and that the statements set forth in this Complaint are true and correct, except as to matters stated to be on information and belief, and as to such matters he believes the same are true.

By: _____

Gregory Janes
Assistant Corporation Counsel

18

ADAM TRACY
ADAM S. TRACY, LTD.
552 S WASHINGTON STE 211
NAPERVILLE, IL 60540-6670

CODILIS & ASSOCIATES, PC
15W030 NORTH FRONTAGE
ROAD, SUITE 100
BURR RIDGE, IL 60547

PIERCE AND ASSOCIATES
1 N DEARBORN ST # 1300
CHICAGO, IL 60602

FREYDIN DAVID LAW OFFICE
4433 W TOUHY STE 405
LINCOLNWOOD IL 60712

ROBERT PANTOGA
513 SHERMAN AVE
EVANSTON, IL 60202

LEONARDO COPPOLA
495 OXFORD LN
CRYSTAL LAKE, IL 60014

3731 N. ST. LOUIS LLC,
c/o CARL P. PALADINETTI
4024 W. MONTROSE AVE
CHICAGO, IL 60641

CHICAGO PROPERTIES
EXPRESS, INC.
c/o CARL P. PALADINETTI
4024 W. MONTROSE AVE
CHICAGO, IL 60641

GOTHAM CORPORATION
C/O JOHN FITZGERALD
6171 NORTH SHERIDAN #1512
CHICAGO, IL 60660

PROVEST REALTY SERVICES,
INC.
C/O JOHN STANISZEWSKI
310 BUSSE HWY
PARK RIDGE, IL 60068

EDGEBROOK BANK
6000 W TOUHY AVE # 3
CHICAGO, IL 60646-1277
MORTGAGE ELECTRONIC
REGISTRATION
SYSTEMS
C/O GENPACT REGISTERED
AGENT INC
1901 E VOORHEES ST, STE C
DANVILLE, IL 61834

DEUTSCHE NATIONAL TRUST
CO. AS TRUSTEE
OF TH INDYMAC INDSE
MORTGAGE TRUST
2007-AR13 MORTGAGE
PASS-THROUGH
CERTIFICATES SERIS
2007-AR13 UNDER
POOLING AND SERVICING
AGREEMENT DATED
MAY 1,2007
222 SOUTH RIVERSIDE PLAZA
#2500
CHICAGO, IL 60606

EMC MORTGAGE CORP
c/o CT CORPORATION SYS
208 S. LASALLE ST STE 814
CHICAGO, IL 60604

CARLOS RASILLA
2956 N. PULASKI
CHICAGO, IL 60641

CHASE HOME FINANCE LLC
c/o CT CORPORATION SYS 208
S LASALLE ST STE 814
CHICAGO, IL 60604

REMY O'BRIEN
2958 N. PULASKI #3
CHICAGO, IL 60641

BANK OF AMERICA
C/O PATRICIA M HOLDEN
135 S LASALLE ST STE 362
CHICAGO, IL 60603

BAC HOME LOANS SERVICING
c/o PATRICIA M HOLDEN
135 S LASALLE ST STE 362
CHICAGO, IL 60603

HSBC BANK USA
71 S WACKER DR #2700
CHICAGO, IL 60606

ALBERTO TAPIA
2341N. MARMORA
CHICAGO, IL 60639

IVAN VEGA
2958 N. PULASKI
CHICAGO, IL 60641

MORTGAGE ELECTRONIC
REGISTRATION
SYSTEMS
C/O GENPACT REGISTERED
AGENT INC
1901 E VOORHEES ST, STE C
DANVILLE, IL 61834

MAKENDY INVESTMENT
CORPORATION
c/o JOHN STANISZEWSKI
310 BUSSE HWY
PARK RIDGE, IL 60068

JAMES REED
7738 N SHERIDAN #4R
CHICAGO, IL 60626

GEORGE SOMER
6334 N SHERIDAN RD
CHICAGO IL 60660

OCTAVIA TAPIA
2954-60 N PULASKI RD
CHICAGO IL 60641