UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CITY OF CHICAGO, ) | |
| ) | No.     14-cv-05326 |
| Plaintiff, ) | |
| ) | Judge St. Eve |
| v. ) | |
| ) | |
| COPPOLA, et al, ) | |
| ) | |
| Defendants. ) | |

### PLAINTIFF CITY OF CHICAGO'S MOTION TO REMAND CASE TO STATE COURT FOR LACK OF STANDING, LACK OF SUBJECT MATTER JURISDICTION, AND FAILURE TO MEET THE STATUTORY REQUIREMENTS

Plaintiff, City of Chicago, by its counsel, Gregory Janes, respectfully requests that this court remand this case to the Circuit Court of Cook County as the removing entity, Provest Realty Services Grantor Irrevocable Trust ("Removal Defendant") is not a party to the state court complaint so lacks the standing to remove the case. Additionally, this court lacks subject matter jurisdiction to hear this case and the removing party has otherwise failed to meet the removal requirements under 28 U.S.C. §§ 1441 and 1446. In support of its motion, the City states as follows:

### BACKGROUND

On March 18, 2011, a building code Complaint regarding the mixed use commercial and residential property located at 2954 -6 N. Pulaski/4003-9 W. Wellington, Chicago, Illinois (the "property") was filed by the City of Chicago in the Circuit Court of Cook County against a variety of the owners of the property. The property is subject to a condominium declaration that

1

covers both the commercial and residential portions of this property. The City has amended its complaint to reflect new building code violations and to request additional relief, including a count in the complaint based on the Illinois Distressed Condominium Act. The City's second amended complaint was filed on April 9, 2012. See Exhibit 1, the City's Second Amended Complaint. Parties have been added and dismissed as ownership of individual units have changed hands through foreclosure proceedings, release of mortgages, tax sales, and open market sales. In order to manage the complex nature of the parties and the ownership of each unit, the City created charts that reflect the current parties and the current unit owners and lienholders. See Exhibit 2, ownership chart. At no time has Provest Realty Services Grantor Irrevocable Trust been a party to the state court case.

## ARGUMENT

### I. Provest Realty Services Grantor Irrevocable Trust does not have standing to remove this matter as they are not a party to the state court matter.

Removal defendant is a stranger to the pending state court case. That purported entity is not a party to the City's complaint in state court as its name does not appear in the city's amended compliant nor is there a court order adding them as a named defendant with summons to issue. A different entity called Provest Realty, Inc., an Illinois corporation, is a named defendant and has appeared through an attorney. Provest Realty, Inc. has been a party to the City's complaint and was served on March 21, 2012 by corporate service on the registered agent for the corporation, James Reed. Exhibit 3, the affidavit of service. James Reed, the purported trustee for the removing party, is also named defendant and was served by publication on February 22, 2012. See Exhibit 4, certificate of publication for James Reed. Since the removing defendant

is not actually a defendant, the removing defendant has no standing to remove a case to which it is not a party.

**II. This court lacks subject matter jurisdiction over this matter.**

The City's amended complaint in this case does not include any federal claims and the parties are not diverse. The defendant must prove that the federal court has proper subject matter jurisdiction at the time the petition for removal is filed. *See Fedor v. Cingular Wireless,* 355 F.3d 1069, 1071 (7th Cir. 2004)*; Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979); *Stonybrook Tenants Assoc., Inc. v. Alpert*, 194 F.Supp. 552, 556 (D.C. Conn. 1961). A notice of removal brought pursuant to 28 U.S.C. § 1441(b), claiming that the federal court has original jurisdiction over the claim because the claim "aris[es] under the Constitution, treaties or laws of the United States," requires that the defendant establish that the claim arising under federal law is apparent on the face of the plaintiff's claim, in accordance with the "well-pleaded complaint" rule. *Franchise Tax Board of the State of California v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 10 (1983); *Gully v. First National Bank in Meridian,* 299 U.S. 109, 113 (1936); *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987). The defendant must prove that the plaintiff's claim establishes original federal jurisdiction, and may not establish the federal claim with an answer or the petition for removal. *Gully,* 299 U.S. at 113; *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127-28 (1974). Lastly, a case may not be removed to federal court on the basis of a federal defense. *Caterpillar,* 482 U.S. at 393. The City, in its amended complaint, alleges only violations of city and state law. The City raised claims under the Illinois Unsafe Property Statute, 65 ILCS 5/11-31-1(a), the Illinois Distressed Condominium Act, 765 ILCS 605/14.5 (2009) and the Illinois Injunction Statute for

Building and Zoning violations, 65 ILCS 5/11-13-15, as well as the Municipal Code of Chicago. The building code violations cited in the amended complaint are a variety of electrical, structural, and plumbing violations, all arising under the Building Code of the Municipal Code of the Chicago. The City's complaint seeks legal and equitable relief that arise under both city ordinances and state law. The City's complaint is devoid of any reference to federal law or the federal constitution.

Additionally, the plaintiff is an Illinois municipal corporation and the defendants include citizens of the State of Illinois. Removal defendant admits that its principal place of business is the Illinois. See Removal Petition, page 2. There is no complete diversity of citizenship that would provide federal jurisdiction.

Here, the removal petition's inclusion of a variety of federal issues does not create federal jurisdiction. The question is whether the amended complaint could be filed in federal court by the plaintiff. It could not be. Therefore, this court does not have subject matter jurisdiction over this matter.

**III. Provest failed to comply with the statutory requirements for removal**

The removal defendant did not comply with the removal statutes. First, the removal petition must include "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446. A defendant has 30 days to file its petition to remove. See 28 U.S.C. § 1446(b)(1). In addition, the procedural steps outlined in 28 U.S.C. § 1446(b)(2) require that all defendants must join in the petition for removal. *Chicago, Rock Island, and Pacific Railway Co. v. Martin*, 178 U.S. 245, 248 (1900); *Northern Illinois Gas Co. v. Airco Industrial Gases*, 676 F.2d 270, 272 (7th Cir. 1982). "The rule of unanimity requires

that in order for a notice to be properly before the court, all defendants who have been served or otherwise properly joined in the action must either join in the removal, or file a written consent to the removal." *Brierly v. Alusuisse Flexible Packaging Inc,.* 184 F.3d 527, 533 (6th Cir. 1999).

     Here, the removal defendant failed in both parts of the statutory requirements. First, it failed to include all of the pleadings and orders previously entered. Second, the petition was filed well after the 30 day time limit for Provest Realty Services, Inc, an actual defendant to file a removal petition. Third, it failed to seek or obtain the consent of all of the real defendants in the matter, including the defendant condominium association, the defendant unit owners, the defendant lienholders, the defendant mortgage companies, and the defendant tenants and occupants. Even if the removal defendant was an actual defendant in the state court case, it needs to comply with all of the requirements of the statute.

     Furthermore, this Court is precluded from hearing this case because of the abstention doctrine that the Supreme Court created in the case *Younger v. Harris*, 401 U.S. 37 (1971). Under this doctrine, a federal court must abstain from enjoining state and local proceedings that are "1) judicial in nature, 2) implicate important state interests, 3) offer an adequate opportunity for review of constitutional claims, and 4) so long as no extraordinary circumstances exist which would make abstention inappropriate." *Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002). To do otherwise would violate the well-established notion that the states should be free to adjudicate their own matters without interference from the federal courts. *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982).

     Here, the elements of the *Younger* abstention doctrine have been met. First, the underlying proceeding in the Circuit Court of Cook County ("the state court proceeding") is

5

undoubtedly a judicial proceeding. Second, the state court proceeding implicates important City interests, namely the public health and safety of its citizens. Third, there is adequate opportunity for review of constitutional claims in both the Circuit Court and the Appellate Court of Illinois. Fourth, there is nothing in the amended complaint that indicates the existence of extraordinary circumstances that would warrant federal intervention. In summary, because the requirements of the *Younger* abstention doctrine have been met, the Court should remand this matter back to the Circuit Court of Cook County without further consideration.

Finally, if the Court remands this case for lack of federal subject matter jurisdiction, under 28 U.S.C. § 1447(c), this Court may order the removing party to pay costs, including attorney fees incurred as a result of the removal. In fact, "[i]f removal is found to be improper, the plaintiff is presumptively entitled to an award of fees." *Hart v. Wal-Mart Stores*, 360 F.3d 674, 678 (7th Cir. 2004). Therefore, the City should be entitled to an award of attorney fees for the removal of this purely state law matter.

## CONCLUSION

Plaintiff City of Chicago, respectfully requests that this Court remand this case to state court instanter and order that Removal Defendant reimburse the City's litigation costs and reasonable attorney's fees for challenging this improper removal.

**WHEREFORE,** the City requests that this Court enter an order:

    A.    Remanding this matter to state court; and

    B.    Ordering that Removal Defendant reimburse the City's litigation costs and attorney's fees; and

    C.    Granting any other relief that this Court deems appropriate.

Dated: July 30, 2014 Respectfully submitted,

                                    STEPHEN PATTON
                                    Corporation Counsel of the City of Chicago

                        By:     /s/ *Gregory Janes*
                                    Assistant Corporation Counsel


Gregory Janes
Assistant Corporation Counsel
Municipal Prosecutions Division
30 North LaSalle Street, Suite 700
Chicago, Illinois 60602
(312) 744-9555