# EXHIBIT 1

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT - FIRST DISTRICT

CITY OF CHICAGO, a Municipal )
Corporation, )
                                              )
                            Plaintiff,        )      Case No: 11-M1-400718
                                              )
vs.                                           )      Re:  2954-2960 N. Pulaski/ 4003-
                                              )      4009 W. Wellington
LEONARDO COPPOLA, 3731 N. ST. LOUIS )
LLC, WELLINGTON & PULASKI )                          pin# 13-27-221-029-0000
CONDOMINIUM ASSOCIATION, GOTHAM )                            13-11-420-037-1001 through
CORPORATION, FEDERAL NATIONAL )                              13-11-420-047-1019
MORTGAGE ASSOCIATION, PROVEST )
REALTY SERVUCES, INC., EDGEBROOK )
BANK, BELMONT BANK AND TRUST, )
MORTGAGE ELECTRONIC )
REGISTRATION SYSTEMS, HECTOR )
RODRIGUEZ, DEUTSCHE NATIONAL )
TRUST CO. AS TRUSTEE OF THE )
INDYMAC INDSE MORTGAGE TRUST )
2007-AR13 MORTGAGE PASS-THROUGH )
CERTIFICATES SERIES 2007-AR13 UNDER )
POOLING AND SERVICING AGREEMENT )
DATED MAY 1, 2007, EMC MORTGAGE )
CORP., CARLOS RASILLA, CHASE HOME )
FINANCE LLC, REMY O'BRIEN, BANK OF )
AMERICA, BAC HOME LOANS )
SERVICING, HSBC BANK USA, ALBERTO )
TAPIE, TENANTS AND OCCUPANTS, AND )
UNKNOWN OWNERS AND NONRECORD )
CLAIMANTS )
                            Defendants.

## SECOND AMENDED COMPLAINT

Plaintiff City of Chicago ("City"), by its attorney, Stephen Patton, Corporation Counsel,

complains of the Defendants as follows:

## GENERAL ALLEGATIONS

### Nature of the Case

1

1.      The City brings this action pursuant to its police power as a home rule unit under Article VII of the Illinois Constitution, which includes "the power to regulate for the protection of the public health, safety, morals and welfare." Ill. Const. art. VII, par. 6(a). As a further grant of authority, the City brings this action pursuant to the Unsafe Property Statute, 65 ILCS 5/11-31-1(a) et seq. (2004), as amended, and the Injunctive Relief Statute for Building and Zoning Violations, 65 ILCS 5/11-13-15 (2004), as amended. Finally, the City brings this action pursuant to the Illinois Condominium Property ("Distressed Condominium") Act, 765 ILCS 605/14.5 (2009). By bringing this action, the City seeks, among other things, to abate the dangerous and unsafe conditions at the property in question and to obtain equitable relief, civil penalties, attorney's fees and costs in this matter.

### The Parties and the Property at Issue

2.      The City is a municipal corporation organized and existing under the laws of the State of Illinois.    Within the corporate limits of the City, there is a parcel of real estate legally described as:

LOTS 1 AND 2 IN BLOCK 3 IN BELMONT GARDENS, BEING A SUBDIVISION

OF PART OF THE NORTHEAST ¼ OF SECTION 27, TOWNSHIP 40 NORTH,

RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY,

ILLINOIS.

This parcel is commonly known as 2954-60 N. Pulaski/ 4003-9 W. Wellington ("Subject Property") and has permanent index numbers of 13-27-221-029-0000 and 13-27-221-037-1001 through 1019.

3.      Located on the Subject Property is a 3-story building with 17 dwelling units and 3 commercial units. The last known use of the structure was mixed residential and commercial.

4.      At all times relevant to this complaint, the Defendants owned, managed, controlled, collected rents from, had a legal or equitable interest in, or contributed to the ongoing violations at the subject property. More specifically:

2

a.  On January 9, 2007, a condominium declaration was filed delineating Defendant Wellington & Pulaksi Condominium Association Inc. as the condominium association for the subject property.  The association has recorded a lien against many of the units in the building.

b.  Defendant 3731 N. St Louis LLC, Inc. is listed as the developer in the condominium declaration and is the last taxpayer of record.

c.  Commercial Unit 1, PIN 13-27-221-037-1001

The current owner is LEONARDO COPPOLA. The mortgagee is PROVEST REALTY SERVICES AND EDGEBROOK BANK.

d.  Commercial Unit 2, PIN 13-27-221-037-1002
The current owner is LEONARDO COPPOLA. The mortgagee is PROVEST REALTY SERVICES AND EDGEBROOK BANK.

e.  Commercial Unit 3, PIN 13-27-221-037-1003.
The current owner is LEONARDO COPPOLA. The mortgagee is PROVEST REALTY SERVICES AND EDGEBROOK BANK.

f.  Unit #4003-1, PIN 13-27-221-037-1004
The current owners are FEDERAL NATIONAL MORTGAGE ASSOCIATION after the completion of a foreclosure.

g.  Unit 4005-1, PIN 13-27-221-037-1005
The current owners are FEDERAL HOME LOAN MORTGAGE CORPORATION after the completion of a foreclosure.

h.  Unit 4007-1, PIN 13-27-221-037-1006
The current owners are FEDERAL HOME LOAN MORTGAGE CORPORATIONafter the completion of a foreclosure.

i.  Unit 4009-1, PIN 13-27-221-037-1007
The current owner is   HECTOR RODRIGUEZ.  The mortgagee is BELMONT BANK AND TRUST CO. There is a foreclosure pending, case # 10-CH-34608.

j.  Unit 2956-2, PIN 13-27-221-037-1008
The current owners is DEUTSCHE BANK NATIONAL TRUST CO. AS TRUSTEE OF THE INDYMAC INDSE MORTGAGE TRUST 2007-AR13 MORTGAGE PASS THROUGH CERTIFICATES SERIES 2007-AR13 UNDER POOLING AND SERVICING AGREEMENT DATED MAY 1, 2007 after the completion of a foreclosure.

3

k.      Unit 2958-2, PIN 13-27-221-037-1009
        The current owners are IVAN VEGA . The mortgagee is MORTGAGE
        ELECTRONIC REGISTRATION SYSTEMS.

l.      Unit 4003-2, PIN 13-27-221-037-1010
        The current owners are Wellington Pulaski Condominium Association.

m.      Unit 4005-2, PIN 13-27-221-037-1011
        The current owners are GOTHAM CORPORATION.

n.      Unit 4007-2, PIN 13-27-221-037-1012
        The current owner is FEDERAL NATIONAL MORTGAGE ASSOCIATION
        after the completion of a foreclosure.

o.      Unit 4009-2, PIN 13-27-221-037-1013
        The current owners are EMC MORTGAGE CORP. after the completion of a
        foreclosure.

p.      Unit 2956-3, PIN 13-27-221-037-1014
        The current owner is CARLOIS RASILLA. . The mortgagee is CHASE HOME
        FINANCE LLC. . There is a foreclosure pending, case #09 CH 28428.

q.      Unit 2958-3, PIN 13-27-221-037-1015
        The current owner is REMY O'BRIEN. The mortgagee is BANK OF
        AMERICA. There is a foreclosure pending, case #10-CH-20949.

r.      Unit 4003-3, PIN 13-27-221-037-1016
        The current owner is HSBC Bank USA, after the completion of a foreclosure.

s.      Unit 4005-3, PIN 13-27-221-037-1017
        The current owner is Chicago Properties Express.

t.      Unit 4007-3, PIN 13-27-221-037-1018
        The current owners are FEDERAL NATIONAL MORTGAGE
        ASSOCIATION, after the completion of a foreclosure.

u.      Unit 4009-3, PIN 13-27-221-037-1019
        The current owner is ALBERTO TAPIE, after the completion of a foreclosure.

v.      Defendants also include all tenants and occupants and unknown owners and

non-record claimants.

**Count I**
**Building Code Violations**

4

5.     The City realleges and incorporates the allegations of paragraphs 1 through 4 of the

General Allegations as paragraph 5 of Count I and further alleges:

6a.     That on or about October 28, 2010, and on each succeeding day thereafter and on

numerous other occasions, the Defendants failed to comply with the Municipal Code of the City of

Chicago ("Code") regarding:

a.     CN061014
REPAIR EXTERIOR WALL
Failed to maintain the exterior walls of a building or structure free from holes, breaks,
loose or rotting boards or timbers and any other conditions which might admit rain or
dampness to the walls. (13-196-530(b),13-196-641) in that the east elevation exterior
wall has fractured masonry and washed out mortar.
b.     CN062024
PARAPET Failed to maintain parapet wall in good repair and free from cracks and
defects. (13-196-530 and 13-196-641) in that on the east elevation the parapet wall,
there is fractured masonry with washed out mortar.
c.     CN065014
REPAIR LINTELS
Failed to maintain lintel in good repair and free from cracks and defects. (13-196-
530(e), 13-196-641) in that the lintels at the entryways are rusted and sagging.
d.     CN070024
REPAIR PORCH SYSTEM
Failed to repair or replace defective or missing members of porch system. (13-196-570,
13-196-641) in that on the exterior wood porch systems there are worn and loose
sections throughout porch and stair systems, columns lack sufficient footings; columns
are overnotched; ledgerbords and stringer connections are only nailed and lack bolts;
hand and guardrails, ledger boards, stringers, treads are separating and cracked.
e.     CN074014
SERVICE WALK, PASSAGE, AREAWAY
Failed to maintain exterior service walks, passage and areaways in clean, sanitary and
safe condition (13-196-630, 13-196-641) in that there is a large sections of missing
sidewalk on the south elevation.
e.     CN076014
PROVIDE GUTTER & DOWNSPOUT
Install and connect roof gutter and downspout to sanitary sewer. (13-168-600) in that
there are missing sections of downspout.
f.     CN104015
REPLCE WINDOW PANES, PLEXGLAS
Replace broken, missing or defective window panes. (13-196-550 A) in that there are
broken panes in windows that are dangerous and loose and hanging at south, east, and
south-east sections of the buildings.
g.     CN105045
INSTALL DEAD BOLT LOCK
Failed to install dead bolt lock, with at least one inch saw resistant bolt projection or with
rim mounted deadbolt or vertical drop-bolt lock of equivalent security, at the entrance
door of a dwelling unit (13-164-030) in that the entry door does not have a deadbolt
lock.
h.     CN196029
POST OWNER/MANAGERS NAME AND NUMBER

Post name, address, and telephone of owner, owner's agent for managing, controlling or collecting rents, and any other person managing or controlling building conspicuously where accessible or visible to public way (13-12-030) in that there are no owner identification posted.

i.    CN198019
FILE BLDG REGISTRATION
File building registration statement with Building Dept (13-10-030, 13-10-040) in that the building has not been registered as required.

j.    EL0023
INSTALL COVERS
Install cover on outlet or junction box (18-27-370.25) in that on the west elevation there is an electrical service entrance conduit without a cover.

k.    EL0036
COVER OUTLETS AND JBS
Install cover on outlet or junction box (18-27-370.25) in that there are open electrical boxes and exposed wiring in 2954 at the ceiling.

6b. That on or about March 16, 2012, and on each succeeding day thereafter and on numerous other occasions, the Defendants failed to comply with the Municipal Code of the City of Chicago ("Code") regarding:

a.  CN 104015
REPLACE WINDOW PANES, PLEXGLASS
Replace broke, missing or defective window panes. (13-196-550 A).
Replace multiple broken glass block sections. 2.-2958 2nd floor kitchen window pane smashed, double pane sash.

b.  CN 065034
REPAIR WINDOW SILLS
Failed to maintain window sill in good and repair and free from cracks and defects. (13-196-530(e), 13-196-550, 13-196-641).
Repair crumbling white stone sills. 2nd floor west by alley.

c.  CN 197087
CARBON MONOXIDE DETECTORS IN RESIDENCE
Install carbon monoxide detector within 40 feet of every sleeping room in residential structure. (13-64-190, 13-64-210) A carbon monoxide detector is needed whenever there is a heating appliance on the premises that burns fossil fuel such as gas, oil, or coals, or air that is circulated through a heat exchanger. Install according to manufacturer instructions. A hard wired model requires an electrical wring permit. In a single family residence, be sure the detector is on or below the lowest floor with a place to sleep. In a multiple dwelling residence heated by a boiler, install a detector in the same room as the boiler. Otherwise, each apartment follows single family guidelines. The owner is responsible for installation and written instructions, the tenant for testing, maintenance, and batteries.
Missing or defective detectors. 4009- 1st floor, 4007 1st, 2nd, and 3rd floor. 4005 3rd floor. 4003 2nd floor. 2956 3rd floor.

d.  CN 197019

6

INSTALL SMOKE DETECTORS

Install and maintain approved smoke detectors. (13-196-100 thru 13-196-160) Install a smoke detector in very dwelling unit. Install one on any living level with a habitable room or unenclosed heating plant, on the uppermost ceiling of enclosed porch stairwell. And within 15 feet of every sleeping room. Be sure the detector is at least 4 inches from the wall, 4 to 12 inches from the ceiling, and not above door or window.

Missing or defective smoke detectors. 4003 1st, 2nd floor. 4005 1st and 2nd floor. 4007 1st, 2nd, and 3rd floor. 2956 3rd floor.

e.   CN 131016
SCREEN OUTER DOORS, WINDOWS.
Screen outer doors, windows, and other outer openings adequately from April 15th to Nov. 15. (12-196-560 B).
Missing screen doors on all exterior rear doors.

f.   CN 012022
1HR FLR OVER BASEMENT, 1 OR 2 DWELLING UNITS.
Failed to construct floor over basement with materials of at least one hour fire resistance, other than in single family and two family dwellings. (13-60-200).
Exposed ceiling joists. East basement areas, 2954-60 N. Pulaski.

g.   CN 012012
½ HR FLR OVER BASEMENT, 3+ DWELLING UNIT, PRE 57.
Basement ceiling plaster with multiple and large areas of plaster damaged and/or missing. (13-196-710)
North basement areas, 4003-09 W Wellington.

h.   CN 019012
ENCLOSE FLOOR OPENINGS WITH 1 HOUR FIRE RESISTENCE.
Furnace enclosures with unsealed pip penetrations and open or damaged plaster ceilings. (15-8-160, 15-8-120)
All apartments and basement areas.

i.   CN 067014
REPAIR ROOF
Failed to maintain roof in sound condition and repair, watertight and free from defects. (13-196-530, 13-196-530© and 13-196-641_.
Front room with damaged/stained ceiling plaster due to roof leak. 4005 3rd floor.

j.   CN 070014
REPAIR EXTERIOR STAIR.
Failed to maintain exterior stairways in safe condition and in sound repair. (13-196-570, 13-196-641).
Grade to basement concrete steps without a hand rail. North west steel stair

system.

k.   CN 1103015
REPAIR FLOOR.
Failed to maintain floor free from holes and wide cracks and free from loose,
warped, protruding or rotting floor boards. (13-196-540(a) and (b)).
Massage clinic floor by the north exist door area with a hole, multiple torn or
ripped carpeting throughout.

l.   NC 2011
PLANS AND PERMITS REQUIRED- CONTRACTOR.
Performed or allowed work to be performed without submitting plans,
prepared, signed and sealed by a licenses architect or registered structural
engineer for approval and without obtaining a permit to perform the work.
(13-32-010, 13-32-040, 13-40-020, 13-12050).
Submit the plans and permits utilized to add a family unit in basement. 4007
W. Wellington.

m.   CN 111085
CEILING HEIGHT – 7' BASEMENT.
Increase ceiling high tot 7 ft. (13-48-010 thru 13-48-100, 13-200-120, 13-
200-16 F, 13-200-230D).
Basement ceiling height lower than 7 ft. 2.-metal ducts at 6'3'' in height.

n.   CN 111095
WINDOW AREA ABOVE GROUND.
Locate minimum window area entirely above ground. (13-172-010 thru 13-
172-150, 13-200-230 C, 13-200-370, 13-200-380).
Window area providing natural light and ventilation under sized in all
rooms. 4007 W. Wellington.

o.   CN 111045
CORRDIDOR ENCLOSURE- BASEMENT
Enclose public corridor adequately. (13-196-650, 13-196-680, 13-196-740
D).
Basements second exit is thru an area that originally was the electrical meter
room, the walls separating the family unit have multiple holes and are not of
one hour fire rating. 4007 W. Wellington.

p.   CN 015062
OBSTRUCTIONS IN EXIT WAY
Failed to remove obstruction from exitway that hampers travel and
evacuation. (13-160-070, 13-1196-080).
Basement rear exit with junk and debris in exit travel path. 4007 W.
Wellington.

q.   CN 105025

8

REPAIR DOOR FRAME, MULLIN.
Repair or replace floor frame. (13-196-550).
Rear basement door without frame casings, open joists.

r.  NC 2011
PLANS AND PERMITS REQUIRED- CONTRACTOR.
Performed or allowed work to be performed without submitting plans,
prepared, signed and sealed by a licenses architect or registered structural
engineer for approval and without obtaining a permit to perform the work.
(13-32-010, 13-32-040, 13-40-020, 13-12050).
Extensive rehab of apartment, multiple walls were relocated and/or removed.
2.-new drywall etc. 2956 2nd floor.

s.  PL 159047
REPLACE DEFECTIVE VALVE, PIPING.
Repair or replace defective valve or piping system. (18-29-102.3)
Remove all PVC piping in entire building.

t.  PL 194039
REMOVE
Removed all flex water lines as per 18-29-1023.

u.  PL 15*9057
STOP ODORS PRP DFT DEWAGE SYS.
Repair defective plumbing and sewage system.
Repair and/or replace entire sewage system.

v.  PL 232050
REMOVE WATER, SOIL, WASSTE, VENT.
Remove roughed in water supply, soil, waste, and vent piping installed
without permit. (13-12-050, 13-332-010)
remove the washing machine piping installed without proper permits. 2956
N Pulaski 1st thru 3rd floor.

w.  PL 234008
EXTEND SOIL/WASTE THROUGH ROOF.
Extend soil/waste stack vent through roof. (18-29-904.1)
Extend to 7 feet above roof line. 2956 3rd floor.

x.  PL 157047
STOP LEAAKING WATER
Stop leaking water. (18-29-102.3)
Kitchen sink p-trap leaking, bathroom faucet also. 4003 2nd floor.

y.  EL 0006
PROPER SIZE GRID ELECTRODE CONDUCTOR.
Install proper size grounding conductor.

No grounding electrode conduction, condition is dangerous and hazardous.

z.  EL 0023 |
    INSTALL COVERS
    Install cover on outlet or junction box. (18-27-370.25).
    In all basement areas there are open junction boxes. 2-4005-07 basement
    area there are meter and distribution panel covers missing, dangerous and
    hazardous condition.

aa. EL 0024
    INSTALL ILLUMINATION.
    Install hall, corridor, stair, accessible attic, closet, basement storeroom,
    utility room, and/or garage. (18-27-700.6, 18-27-560.7, 18-27-700.8, 18-27-
    700.9, 18-27-700.10)
    Missing proper illumination at exit areas. Rear exterior areas.

bb. EL 0025
    SYSTEM III
    Install system III emergency lighting. (18-27-700.6, 18-27-700.22)
    Required emergency lighting system has not been installed, building is
    above 5 dwelling units. 2-permit is required.

cc. EL 0084
    L.B. cover missing from electrical service piping, install as per 18-27-370-
    16.

dd. VT 0010
    ARRANGE COMPLETE PERMIT INSPECTION.
    Arrange mechanical ventilation or warm air heating system final inspection
    when work completed. (13-12-100, 13-176-310, 13-184-140)

ee. VT 2030
    INSTALL VENT/AS SHOWN ON PLANS.
    Install ventilation as shown on approved plans. (13-40-100, 13-176-070).
    As per 18-28-307.2.2. 18-28-307.2.4 18-28-307.2.5. No drain pans were
    installed, condensate drains not properly installed, condensate drains must be
    trapped.

ff. VT 2030
    INSTALL VENT/AS SHOWN ON PLANS.
    Install ventilation as shown on approved plans. (13-40-100, 13-176-070).
    As per 18-28-801.19 there shall be no common vents of furnaces, all
    furnaces, all furnaces should be vented separately.

7.  That Michael Merchant is the Commissioner of the Department of Buildings of the City

of Chicago, and as such and through the reports of the City of Chicago Department of Buildings

inspectors, he or the undersigned has knowledge of the facts stated in this complaint.

      8.     That this proceeding is brought pursuant to the provisions of the Municipal Code of Chicago, and of Chapter 65, Section 5/11-31-1, 5/11-31-2, and 5/11-13-15 of the Illinois Compiled Statutes, as amended.

**WHEREFORE,** the City requests that this Court enter an Order:

      A.     Declaring that all Defendants violated the Building Code of the City of Chicago at the Subject Property;

      B.     Fining all Defendants $500 for each violation of the Code listed herein, whereby each and every day that a violation of the Code persists constitutes a separate and distinct violation;

      C.     Requiring all Defendants to immediately repair, cure, and abate the violations of the Code listed herein;

      D.     Requiring all Defendants to hire licensed and bonded professionals to repair, cure, and abate the violations of the Code listed herein;

      E.     Requiring all Defendants to secure the plans and permits required to repair, cure, and abate the violations of the Code listed herein; and

      F.     Granting any other relief that this Court deems appropriate.

### COUNT II
### Appointment of Receiver

      9.     The City realleges and incorporates paragraphs 1 through 8 of the General Allegations as paragraph 9 of Count II and further alleges:

      10.     That Michael Merchant, the Commissioner of the Department of Buildings of the City of Chicago, has determined that the Subject Property is dangerous and unsafe.

      11.     That the Defendants or parties in possession and control of the Subject Property have

failed to correct, after due notice, these unsafe and unhealthy building conditions.

12.     That the levying of a fine is not an adequate remedy for the abatement of a nuisance, and that it is necessary that a temporary and permanent injunction issue and that a general receiver be appointed to bring the Subject Property into compliance with the Code.

13.     That equitable remedies other than the appointment of a general receiver are inadequate because, on information and belief, the conditions which now exist at the Subject Property will remain unabated without the appointment of a general receiver, and will result in the loss of salvageable housing stock, as well as cause irreparable harm to tenants, occupants, neighboring property owners, and the general public.

14.     The City recommends appointment of a qualified general receiver to the Subject Property to correct the defective conditions thereon.

15.     That the general receiver's bond should be waived pursuant to 65 ILCS 5/11-31-2.3 (2004).

16.     That the applicant's bond should be excused pursuant to 65 ILCS 5/11-31-2.3 (2004) and 735 ILCS 5/2-415(a) (2004).

**WHEREFORE**, the City requests that this Court enter an Order:

A.     Appointing a general receiver to correct the defective conditions at the premises located at 2954-80 N. Pulaski/ 4003-9 W. Wellington, in the City of Chicago, with powers granted and duties imposed, as set forth in paragraph B, below, until further order of court;

B.     Authorizing and ordering the receiver to enter into possession of the premises, to maintain the premises and make repairs thereto as follows, to wit:

1.     Investigate, draft and submit a written feasibility report to this Court concerning the management and repair of the premises, including evaluation of tenancy or

occupancy of the premises, and a property and budget analysis;

2.    Request information from the Department of Buildings regarding the hazardous conditions existing at the premises and the order in which they should be abated; to make emergency repairs not exceeding $5,000.00, unless prior authorization is obtained from this Court; to obtain a minimum of three (3) contractor's bids for repair of said hazardous conditions; to obtain information as to the condition of title to the premises, including current owners and all parties having an interest in the property; to obtain estimates on the utility, insurance and fiduciary bond costs associated with the premises; and to identify and obtain rehabilitation funding;

C.    Authorizing the receiver to employ agents to assist in the performance of his/her receivership duties;

D.    Authorizing the receiver to issue and to assign receiver's certificates in the amount of the funds expended or required to complete said repairs, in accordance with Section 5/11-31-2 of Chapter 65 of the Illinois Compiled Statutes, as amended;

E.    Ordering the Defendants to pay for the costs incurred by the receiver;

F.    Ordering the receiver to report to the court, at the next hearing on this matter, the results of his/her feasibility study, including the estimated cost of repairs, a proposed source of loan funding, if available, and a recommendation as to whether further repairs of the premises should be made;

G.    Enjoining and restraining the Defendants who have been personally served or generally appeared in this cause from interfering with or obstructing the receiver's performance of his/her receivership duties;

H.    Requiring the Defendants to deliver to the receiver all leases, books of account, and all

13

other papers and documents necessary to conduct a feasibility study of the premises, together with all keys to the premises seven days following the date of entry of an order appointing a receiver;

I.      Excusing receiver's bond pursuant to 65 ILCS 5/11-31-2.3 (2004);

J.      Excusing applicant's bond pursuant to 65 ILCS 5/11-31-2.3 (2004) and 735 ILCS 5/2-415(a) (2004); and

K.      Continuing this matter for a receiver's report and determination of whether a general receivership of the premises is feasible.

## COUNT III

### Distressed Condominium Property Provisions

17.     The City re-alleges and incorporates paragraphs 1 through 7 of the General Allegations as paragraph 17 of Count III and further alleges:

18.     The Condominium Property Act provides that a distressed condominium property is a parcel containing condominium units which are "operated in a manner or have conditions which may constitute a danger, blight, or nuisance to the surrounding community or to the general public." 765 ILCS 605/14.5(a).

19.     The Condominium Property Act authorizes the City of Chicago to seek a court order finding that a property is a distressed condominium and appointing a receiver for the property. 765 ILCS 605/14.5, et seq.

20.     The dangerous conditions giving rise to the status of distressed condominium property must include, but are not limited to, two (2) or more of the following conditions:

a.      50% or more of the condominium units are not occupied by persons with a legal right to reside in the units;

b.      The building has serious violations of any applicable local building code or

14

zoning ordinance;

    c.    60% or more of the condominium units are in foreclosure or are units against which a judgment of foreclosure was entered within the last 18 months;

    d.    There has been a recording of more condominium units on the parcel than physically exist;

    e.    Any of the essential utilities to the parcel or to 40% or more of the condominium units is either terminated or threatened with termination;

    f.    There is a delinquency on the property taxes for a least 60% of the condominium units.

21.    The subject property contains two or more of the above-mentioned dangerous conditions, as follows:

    a.    The building has serious violations of the City of Chicago Municipal Code as described in paragraph 9 of Count One. The City re-alleges and incorporates paragraph 6 by reference, the dangerous porches, the exterior wall violations, and the electrical violations.

    b.    Approximately 80% of the 20 units are in foreclosure now or have been in the past eighteen months.

    c.    The property was posted for a water shut off due to a lack of payment.

22.    Moreover, the property is in close proximity to a busy intersection.

23.    Based upon the preceding factors, the property is not viable as a condominium.

24.    There is no functioning condominium association or board which can take responsibility for the necessary code repairs at the subject property.

25.    The failure of the defendants who own, control or otherwise manage the subject property to maintain the subject property according to the minimum requirements of the Municipal

15

Code of Chicago constitutes a danger, blight and/or nuisance to the surrounding community and the public at large. The levying of a fine is not an adequate remedy for the unsafe conditions that exist at the property.

26.     The appointment of a receiver is necessary to abate the nuisance conditions present at this property and to allow for the maintenance and rehabilitation of this blighted property into a safe and inhabitable rental property in compliance with the Municipal Code of the City of Chicago.

27.     A receiver appointed under the Distressed Condominium provision of the Illinois Condominium Property Act shall "have possession of the property and shall have full power and authority to operate, manage, and conserve the property" and must "manage the property as would a prudent person." 765 ILCS 605/14.5(e). The receiver may also, without an order of the court, delegate managerial functions of the receivership to a financially responsible and prudently selected person in the business of managing real estate. 765 ILCS 605/14.5(e).

WHEREFORE, the City requests that this Court:

    A. Make a finding that this property is a distressed condominium property constituting a danger, blight, or nuisance to the surrounding community and general public in that it contains two or more of the conditions listed in 765 ILCS 605/14.5(a)(1)(A) through (F);

    B. Appoint Community Initiatives, Inc. (CII) as general receiver for the property pursuant to 765 ILCS 605/14.5 (c)(2), the receiver to have all powers and authority contemplated in, but not limited by 765 ILCS 605/14.5 (e)(1) through (10) and (f);

    C. Authorize the receiver to recover the cost of any feasibility study, sale, management, maintenance, repair and/or rehabilitation of the property by the issuance and sale of notes or receiver's certificates bearing such interest as the court may fix, pursuant to 765 ILCS 605/14.5 (f).

    D. Authorize the receiver to coordinate with various City agencies and departments, including

16

but not limited to the Chicago Police Department, the Department of Human Services, the Department of Construction and Permits, and the Department of Buildings.

E. Implead as party defendants all tenants and/or occupants of the subject premises, and enjoin and restrain defendants who have been personally served or generally or limitedly appeared in this cause from interfering with or obstructing the receiver's performance of his or her duties.

F. Find that the subject property is not viable as a condominium and enter an order pursuant to 765 ILCS 605/14.5 (c) (2) declaring:

    a. That the property at **2954-2960 N. Pulaski/ 4003-4009 W. Wellington** is no longer a condominium;

    b. That the property is deemed to be owned in common by each of the unit owners;

    c. That the undivided interest in the property which shall appertain to each unit owner shall be the percentage of undivided interest previously owned by the owner in the common elements; and,

    d. That any liens affecting any unit shall be deemed to be attached to the undivided interest of the unit owner in the property as provided herein..

G. Authorize the receiver to enter into a sales contract and transfer the title of the property on behalf of the owners of the property pursuant to 765 ILCS 605/14.5 (d).

H. Grant any other relief that this court deems appropriate.

Respectfully submitted,
STEPHEN PATTON
Corporation Counsel of the City of Chicago

                        By: _____
                               Senior Counsel

Gregory Janes
Building and License Enforcement
City of Chicago, Department of Law
30 North LaSalle Street, Suite 700

17

Chicago, IL 60602
(312)742-0342

## VERIFICATION BY CERTIFICATION

Pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that he is an Assistant Corporation Counsel of the City of Chicago, and that he is the authorized agent of the Plaintiff for purpose of making this certification, and that the statements set forth in this Complaint are true and correct, except as to matters stated to be on information and belief, and as to such matters he believes the same are true.

By: _____

Gregory Janes
Assistant Corporation Counsel

18

EXHIBIT 2

**2954-60 N Pulaski**                **11M1400718**                **Updated 7.9.2014**

Commercial Unit 1, PIN 13-27-221-037-1001
| | |
|---|---|
| Owner: | LEONARDO COPPOLA by WD from 3731 N St. Louis LLC, 5/17/07 |
| Mortgagee: | EDGEBROOK BANK, by Assignment from Provest Realty Inc, 4/27/11 – Foreclosure filed 2/14/13 (13CH04254) |
| Taxpayer: | 3731 N St. Louis LLC |

Commercial Unit 2, PIN 13-27-221-037-1002
| | |
|---|---|
| Owner: | LEONARDO COPPOLA by WD from 3731 N St. Louis LLC, 5/17/07 |
| Mortgagee: | EDGEBROOK BANK, by Assignment from Provest Realty Inc, 4/27/11 – Foreclosure filed 2/14/13 (13CH04254) |
| Taxpayer: | 3731 N St. Louis LLC |

Commercial Unit 3, PIN 13-27-221-037-1003.
| | |
|---|---|
| Owner: | LEONARDO COPPOLA by WD from 3731 N St. Louis LLC, 5/17/07 |
| Mortgagee: | EDGEBROOK BANK, by Assignment from Provest Realty Inc, 4/27/11 – Foreclosure filed 2/14/13 (13CH04254) |
| Taxpayer: | 3731 N St. Louis LLC |

Unit #4003-1, PIN 13-27-221-037-1004
| | |
|---|---|
| Owner: | FEDERAL NATIONAL MORTGAGE ASSOCIATION by Judicial Deed, 7/28/10 |
| Taxpayer: | 3731 N St. Louis LLC |

Unit 4005-1, PIN 13-27-221-037-1005
| | |
|---|---|
| Owner: | FEDERAL NATIONAL MORTGAGE ASSOCIATION by Judicial Deed, 7/28/10 |
| Taxpayer: | 3731 N St. Louis LLC |

Unit 4007-1, PIN 13-27-221-037-1006
| | |
|---|---|
| Owner: | FEDERAL NATIONAL MORTGAGE ASSOCIATION by Judicial Deed, 7/28/10 (from foreclosure 08CH24470) |
| Mortgagee: | Nationstar Mortgage, LLC by Assignment from Aurora Loan Services, 1/23/14 |
| Taxpayer: | 3731 N St. Louis LLC |

Unit 4009-1, PIN 13-27-221-037-1007
| | |
|---|---|
| Owner: | Red Trading Company, by Tax Deed on 1/13/14 |
| Fmr owner: | 4009 Wellington 1 Inc (Burt Surowka), by Special Warranty Deed from Wellington & Pulaski Condo Assoc, on 6/24/13 |
| Mortgagee: | BELMONT BANK AND TRUST CO. # 10-CH-34608 (never completed—LCD 5/20/11 |
| Taxpayer: | 4009 Wellington 1 Inc |

Unit 2956-2, PIN 13-27-221-037-1008
| | |
|---|---|
| Owner: | CH14005, LLC by SWD from Wellington & Pulaski Condo Assn, 7/19/13 |
| Taxpayer: | Horacio A Cancila |

**2954-60 N Pulaski**　　　　　**11M1400718**　　　　　**Updated 7.9.2014**

Unit 2958-2, PIN 13-27-221-037-1009
Owner:　　　Federal National Mortgage Association by Judicial Sales Deed, 1/30/14
Mortgagee:
Taxpayer:　　3731 N. St. Louis LLC

Unit 4003-2, PIN 13-27-221-037-1010
Owners:　　　WELLINGTON PULASKI CONDO ASSOC by QCD from Broadway
　　　　　　　Residential, LLC on 9/13/11
Taxpayer:　　Wellington Pulaski Condo Assoc

Unit 4005-2, PIN 13-27-221-037-1011
Owners:　　　GOTHAM CORPORATION by QCD from Sheridan Mgmt Corp, 9/10/08
Mortgagee:　　Makendy Inc. and Edgebrook Bank – FORECLOSURE filed 2/8/13
　　　　　　　2013CH03774
Taxpayer:　　3731 N St. Louis LLC

Unit 4007-2, PIN 13-27-221-037-1012
Owner:　　　FEDERAL NATIONAL MORTGAGE ASSOCIATION by Judicial Sales Deed
　　　　　　　on 1/26/09
Taxpayer:　　3731 N St. Louis LLC

Unit 4009-2, PIN 13-27-221-037-1013
Owner:　　　EMC MORTGAGE CORP by QCD from Fannie Mae, 9/30/10
Mortgagee:
Taxpayer:　　3731 N. St. Louis LLC

Unit 2956-3, PIN 13-27-221-037-1014
Owner:　　　CARLOS RASILLA by WD from 3731 N St. Louis LLC, 6/13/07.
Mortgagee:　　CHASE HOME FINANCE LLC 09 CH 28428 - FORECLOSURE
　　　　　　　ORDER OF POSSESSION 6/17/10
Taxpayer:　　3731 N St. Louis LLC

Unit 2958-3, PIN 13-27-221-037-1015
Owner:　　　Federal National Mortgage Assoc, by Judicial Deed on 8/8/13
Taxpayer:　　3731 N. St. Louis LLC

Unit 4003-3, PIN 13-27-221-037-1016
Owner:　　　HSBC Bank USA by Judicial Deed, 11/3/08
Taxpayer:　　3731 N. St. Louis LLC

Unit 4005-3, PIN 13-27-221-037-1017
Owner:　　　Wellington & Pulaski Condo Assoc., by Quit Claim from Chicago Property
　　　　　　　Express on 7/19/13
Taxpayer:　　CH14005 LLC

**2954-60 N Pulaski**            **11M1400718**            **Updated 7.9.2014**

Unit 4007-3, PIN 13-27-221-037-1018
Owners:     FEDERAL NATIONAL MORTGAGE ASSOCIATION by Judicial Deed,
               11/13/09
Taxpayer:    3731 N. St. Louis LLC

Unit 4009-3, PIN 13-27-221-037-1019
Owner:      ALBERTO TAPIE by SWD from Deutsche Bank, 8/12/10
Taxpayer:    Alberto Tapia

Additional Parties
Lien Holder: Manuel Cumba Olivera, Lien recorded on 7/2/13 - $69,609.00

# EXHIBIT 3

Return to: GREG JANES, 30 NORTH LASALLE
SUITE 700, 744-9555, GREG.JANES@CITYOFCHICAGO.ORG

STATE OF ILLINOIS )    BUILDING AND LICENSE ENFORCEMENT DIVISION – Conservation
COUNTY OF COOK ) SS    **AFFIDAVIT OF POLICE OFFICER**

AFFIDAVIT PRINT DATE:3/19/2012    CASE NO: **11M1400718** CASE ADDRESS:
DIE DATE:    **3/21/12** COURT DATE: 5/7/2012    COURTROOM: **Richard J. Daley Center:1109**
*2012103.985*

DEFENDANT: PROVEST REALTY SERVICES, INC
ADDRESS:    C/O JAMES REED, LAW OFFICE OF DAVID FREYDEN, 8707 SKOKIE BLVD, SUITE 305,
SKOKIE, IL
****************************************************************************

[A]    I, the undersigned, being over eighteen years of age, not a party to the action, certify that I served this **Summons and Complaint** on the defendant as follows:

____    [1]    **PERSONAL SERVICE:** By leaving a copy of the signed and sealed **Summons and Complaint** with the named defendant personally.

____    [2]    **SUBSTITUTE SERVICE:** By leaving a copy of the signed and sealed **Summons and Complaint** at the defendant's usual place of abode with some person of the family, of age of 13 years or upwards, and informing that person of the contents thereof. Also, a copy of the signed and sealed **Summons and Complaint** was mailed on _____, in a sealed envelope with postage fully prepaid, addressed to the defendant at his or her usual place of abode.
**SAID PARTY REFUSED NAME:**

✗ [3]    **SERVICE ON:** Corporation ✗ Company ____ Business ____ Partnership ____ . By leaving a copy of the signed and sealed **Summons and Complaint** with the registered agent, authorized person or partner of defendant.

[B]    The party served is described as follows:

1.    SEX *MALE*    RACE *WHT*    AGE *52*    *TIMOTHY SCOTT*

2.    NAME OF DEFENDANT:
Summons served on: *JAMES REED IN THE COMPANY OF HIS LAWYER*
This *21* day of *MARCH* 20 *12* Time *1020* AM/PM

Additional Remarks:

[C]    I am duly authorized to serve process in this cause and complete this return of service pursuant to 65 ILCS 5/1-2-11(b) (2000 as amended). Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid the he verily believes the same to be true.

Garry McCarthy, Chicago Police Superintendent, by: _____ *18265* ,
POLICE OFFICER    STAR #

**THE NAMED DEFENDANT WAS NOT SERVED:**    **ATTEMPTED SERVICES**
Date Time    AM/PM
TYPE OF BUILDING: *OFFICE BUILDING*
NEIGHBORS NAME: _____
ADDRESS: _____
**REASON NOT SERVED**
____MOVED    ____WRONG ADDRESS
____DECEASED    ____BUILDING VACANT
____NO SUCH ADDRESS
____VACANT LOT    ____NO CONTACT
____UNABLE TO GAIN ENTRY

ADDITIONAL REMARKS:

# EXHIBIT 4

# CERTIFICATE OF PUBLICATION

**Case No.** 11M1400718

City of Chicago v Gotham Corporation

## LAW BULLETIN PUBLISHING CO.

does hereby certify that it is the publisher of

## CHICAGO DAILY LAW BULLETIN

that said **CHICAGO DAILY LAW BULLETIN** is a secular newspaper that has been published **DAILY** in the City of Chicago, County of Cook, State of Illinois, continuously for more than one year prior to the first date of publication of the notice, appended, that it is of general circulation throughout said County and State, that it is a newspaper as defined in "An Act to revise the law in relation to notices," as amended, Illinois Compiled Statutes (715 ILCS 5/1 & 5/5), and that the notice appended was published in the said **CHICAGO DAILY LAW BULLETIN** on Feb 8, 15, 22, 2012

In witness thereof, the undersigned has caused this certificate to be signed and its corporate seal affixed at Chicago, Illinois.

### FEBRUARY 22, 2012

### LAW BULLETIN PUBLISHING CO.

By. 

I 4 1 1 5 2 6

In the Circuit Court of Cook County, Illinois Municipal Department, First District.
City of Chicago, a Municipal Corporation, Plaintiff,
vs.
Gotham Corporation; Provest Realty Services, Inc; James Reed; George Somer; and All Unknown Owners and Non-Record Claimants,
Defendants.
11 M1 400718
The requisite affidavit for publication having been filed, notice is hereby given you, Gotham Corporation; Provest Realty Services, Inc; James Reed; George Somer; and All Unknown Owners and Non-Record Claimants, defendants in the above entitled suit, that the said suit has been commenced in the Circuit Court of Cook County, Municipal Department, by the said plaintiff against you and other defendants, praying for an order of court for an injunction requiring defendants to repair the premises immediately or in the alternative to abate the nuisance described in the Complaint by demolishing and wrecking said structure, at the expense of said defendants, the said premises being described as follows: 13-27-221-029-0000 and 13-27-221-037-1001through 1019,
to-wit:
LOTS 1 AND 2 IN BLOCK 3 IN BELMONT GARDENS, BEING A SUBDIVISION OF PART OF THE NORTHEAST 1/4 OF SECTION 27, TOWNSHIP 40 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.
Commonly known as: 2954-60 N Pulaski Rd / 4000-09 W Wellington Ave, in accordance with the provisions of the Municipal Code of Chicago and Chapter 65, Illinois Compiled Statutes, as amended, Par. 5/11-31-1, 5/11-31-2, and 5/11-13-15.
Now, therefore, unless you, the said above named defendants, file your answer to the Complaint in the said suit or otherwise make your appearance therein, in the office of the Clerk of the Circuit Court of Cook County, Municipal Department, First District, Room 602, Richard J. Daley Center, 50 West Washington Street, in the City of Chicago, Illinois, on or before March 9, 2012, default may be entered against you at any
time after that day and a Judgment entered in accordance with the prayer of said Complaint.
DOROTHY A. BROWN, Clerk.
Corporation Counsel of the City of Chicago, Attorney for Plaintiff.
CORPORATION COUNSEL
OF THE CITY OF CHICAGO (90909), 610 City Hall, Chicago, Illinois.
I411526
Feb 8, 15, 22, 2012