**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CITY OF CHICAGO, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 14 C 5326 |
| | ) | |
| | ) | Judge Amy J. St. Eve |
| v. | ) | |
| | ) | |
| LEONARDO COPPOLA, et al, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Because the Court does not have subject matter jurisdiction over this matter, the Court grants Plaintiff's motion to remand [7] and remands this action to the Circuit Court of Cook County, Illinois, Municipal Department (11-M1-400718). Civil case terminated.

**STATEMENT**

On July 14, 2014, Provest Realty Services Grantor Irrevocable Trust filed the present pro se Notice of Removal seeking to remove case number 2011 M1 400718 from the Circuit Court of Cook County, Illinois, Municipal Department. *See* 28 U.S.C. § 1441. On July 30, 2014, Plaintiff City of Chicago filed the present motion to remand pursuant to 28 U.S.C. §§ 1441, 1446. For the following reasons, the Court grants the City's motion to remand and remands this action to the Circuit Court of Cook County, Illinois, Municipal Division.

**LEGAL STANDARD**

"Federal courts are courts of limited jurisdiction," and "[t]he circumscribed nature of the federal judiciary's jurisdiction is a function of restrictions placed upon it by both the United States Constitution and federal statutory law, both of which must authorize a federal court to hear a given type of case." *International Union Pac. of Operating Eng'rs, Local 150, AFL-CIO v. Ward,* 563 F.3d 276, 280 (7th Cir. 2009); *see also Northeastern Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n, Inc.,* 707 F.3d 883, 890 (7th Cir. 2013). "Defendants may remove a civil action from state court to the federal district court located in the place where such action is pending, as long as the federal district court had original jurisdiction over the case." *Yassan v. J.P. Morgan Chase & Co.,* 708 F.3d 963, 968 (7th Cir. 2013) (internal quotation marks omitted); *see also* 28 U.S.C. § 1441(a). In other words, a "case filed in state court may be removed to federal court only when the case originally could have been filed in federal court." *Northeastern Rural Elec.,* 707 F.3d at 890. "The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly,

resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.,* 577 F.3d 752, 758 (7th Cir. 2009).

## BACKGROUND

On March 18, 2011, the City of Chicago filed a building code complaint regarding the mixed use commercial and residential property located at 2954-6 N. Pulaski/4003-9 W. Wellington, Chicago, Illinois in the Circuit Court of Cook County against various owners of the property, among others. (R. 7-1, Second Am. Compl. ¶¶ 1-3, 6.) In the state court complaint, the City alleges that the property at issue is subject to a condominium declaration covering both commercial and residential portions of the property. (*Id.* ¶ 4.) The City's Second Amended Complaint lists the current unit owners and developer of the property. (*Id.*) According to the City and the Second Amended Complaint, Provest Realty Services Grantor Irrevocable Trust — the party that filed the Notice of Removal in this action — is not a named defendant to the state court matter. Instead, a different entity, Provest Realty, Services, Inc., is a party to the City's Second Amended Complaint.

## ANALYSIS

First, the Court does not have diversity subject matter jurisdiction over this matter because there is not complete diversity of citizenship. To clarify, under 28 U.S.C. § 1332(a), a federal court has subject matter jurisdiction over a civil suit based on state law if it is between citizens of different states and if the matter in controversy exceeds the sum or value of $75,000. *See Travelers Property Cas. v. Good,* 689 F.3d 714, 717 (7th Cir. 2012). As the Notice of Removal asserts, the City is an Illinois municipal corporation and the Trust's principal place of business is in Illinois. *See Fellowes, Inc. v. Changzhou Xinrui Fellowes Office Equip. Co. Ltd.,* ___F.3d ___, 2014 WL 3583082, at *1 (7th Cir. July 22, 2014) ("Corporations are persons with two citizenships, which 28 U.S.C. § 1332(c)(l) specifies as the jurisdiction of incorporation plus the principal place of business."). Further, at least one defendant in the state court action, Wellington & Pulaski Condominium Association, Inc., is incorporated in the State of Illinois according to the Illinois Secretary of State corporation database. As such, the Court does not have diversity jurisdiction over this matter.

Second, the Court does not have original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the City's allegations unequivocally assert violations of Chicago building codes. *See Northeastern Rural Elec.,* 707 F.3d at 890 ("It is well established that such a federal question must be apparent on the face of the plaintiff's well-pleaded complaint."). Moreover, "[f]ederal defenses to a well-pleaded complaint, such as preemption or preclusion, do not provide a basis for removal." *Id.*

Last, the Trust failed to comply with the statutory requirements for removal, including that all defendants join in a notice of removal, s*ee GE Betz, Inc. v. Zee Co., Inc.,* 718 F.3d 615, 632 (7th Cir. 2013), and only named defendants can remove state court actions under 28 U.S.C.

2

§ 1441.  *See MB Fin., N.A. v. Stevens*, 678 F.3d 497, 498-99 (7th Cir. 2012).  Therefore, the Court grants the City's motion to remand on this basis, as well.

**Dated**: August 1, 2014

_____
**AMY J. ST. EVE**
**United States District Court Judge**